| | |
|---|---|
| 113 | 1 |
| 114 | 331 |
| 115 | 256 |
| 116 | 451 |
| 117 | 61 |
| 118 | 9 |
| 113 | 1 |
| 124 | 289 |
| 113 | 1 |
| 128 | 141 |
| 128 | 520 |
| 113 | 1 |
| 131 | 264 |
| 131 | 497 |
| 113 | 1 |
| 134 | 409 |
| 136 | 259 |
| 113 | 1 |
| 141 | 101 |
| 142 | 275 |
| 143 | 385 |
| 143 | 412 |
| 143 | 453 |
| 143 | 526 |
| 113 | 1 |
| 144 | 457 |
| 113 | 1 |
| 149 | 67 |

No. 12,931.

### THE INDIANA, BLOOMINGTON AND WESTERN RAILWAY COMPANY v. HAMMOCK.

NEGLIGENCE.—*Contributory Negligence.—Railroad.—Statutory Signals.—Highway Crossings.*—Where a person is injured by a moving train, at a highway and railroad crossing, with which he is familiar, the fault is, *prima facie,* his own, and it is essential, in an action for such injury, that the proof should show that the plaintiff was himself in the exercise of due care, although there was a failure on the part of the railroad company to do its duty in giving signals required by statute.

CONTRIBUTORY NEGLIGENCE. — *What Constitutes. — Obstruction of View.— Highway Crossing.*—In an action for a personal injury received at a highway crossing by a collision with a moving train, where the evidence shows that the plaintiff as he approached the crossing, with which he was familiar, was in full view of the railroad track, in the direction of the approach of the train, for a distance of one thousand or fifteen hundred feet, until he reached a point ten rods distant from the crossing, where such view was obstructed until a point was reached three rods from the crossing, from which point to the railroad track an approaching train could be seen for a distance of eighty rods, and where the plaintiff testifies that on approaching the crossing he looked in the

proper direction, but when he did so the train was so near upon him that there was no means of escape, there is such contributory negligence as will prevent a recovery.

SAME.—In such a case, a person who could have avoided injury by exercising the opportunity to look for an approaching train, will be regarded as having made the attempt to cross the railroad track after having seen the train approach.

From the Madison Circuit Court.

*C. W. Fairbanks, O. Gresham, J. A. New, J. W. Jones, C. L. Henry* and *H. C. Ryan*, for appellant.

*C. S. Hernly* and *S. H. Brown*, for appellee.

MITCHELL, C. J.—Oliver Hammock and his son-in-law, David Bolen, while going north over a public highway, standing in an open two-horse wagon, came in collision with a west-bound freight train at the highway crossing of the appellant company's line. Both were thrown from the wagon; Bolen was killed, and the appellee sustained serious bodily injury. This occurred between 9 and 10 o'clock A. M. of September 15th, 1884.

In an action to recover damages for the alleged negligence of the railway company, in failing to give the signals required by law, and for running its train at an alleged immoderate rate of speed, the plaintiff had a verdict and judgment for eight hundred dollars.

So far as appears from the evidence in the record, there does not seem to have been any delinquency imputable to the railway company, unless it was the failure of those in charge of its train to give the signals required by statute upon approaching the highway crossing. Upon that subject the witnesses are in irreconcilable conflict. All those connected with the running of the train, and two or three others wholly disinterested, testify affirmatively and positively that the whistle was sounded at the required distance from the crossing, while others testify with equal assurance that it was not sounded until it was too late to avoid the collision which followed immediately.

Fully recognizing the rule, applicable to the issue involved, that affirmative evidence that an act was performed, or that a particular thing did occur, is entitled to more weight than merely negative evidence upon the same subject—*Stitt* v. *Huidekopers*, 17 Wall. 384; *Steves* v. *Oswego, etc., R. R. Co.*, 18 N. Y. 422; Wharton Neg., section 806—we are nevertheless of opinion that the finding of the jury in respect to the failure of the railway company to give the signals required, can not be said to be so far without support in the evidence as to justify a reversal under the rule which governs in this court. Conceding, therefore, that the railway company was derelict in its duty in the respect mentioned, it was necessary, before the plaintiff was entitled to recover, that it should have appeared that the injury complained of resulted from the neglect of the company, and not from any negligence of the plaintiff which materially contributed thereto. As was said, in effect, in *Cincinnati, etc., R. R. Co.* v. *Butler*, 103 Ind. 31: If the plaintiff's negligence contributed to the accident, then the injury was not, in contemplation of law, caused by the defendant's negligence. There is no presumption that a person injured on a highway and railroad crossing, with which he was familiar, was himself free from negligence. *Prima facie*, the fault was his own, and it is, therefore, essential that the proof should show that the plaintiff was himself in the exercise of due care. *Indiana, etc., R. W. Co.* v. *Greene*, 106 Ind. 279 (55 Am. R. 736), and cases cited; *Louisville, etc., R. R. Co.* v. *Orr*, 84 Ind. 50; *Toledo, etc., R. W. Co.* v. *Brannagan*, 75 Ind. 490; *City of Warsaw* v. *Dunlap*, 112 Ind. 576.

The evidence shows, without substantial contradiction, that the plaintiff was familiar with the crossing; that he and his son-in-law were proceeding along a public highway in a two-horse wagon, going in a northerly direction. Looking to the east, the railroad track was in plain sight of travellers going northward on the highway for a distance of from one thousand to fifteen hundred feet, until a point about ten rods

distant from the crossing was reached. Then for a distance of seven rods the view of the road to the east was obstructed by a farm-house and farm buildings. For the last three rods before going upon the track, the railway track was visible to a person looking to the east for a distance of eighty rods at least.

The plaintiff testified that he looked to the east, but that, when he looked, the approaching train was so near upon the wagon that he saw no means of escape. The conclusion is, therefore, irresistible that the plaintiff neglected to look to the east until the team and wagon had substantially reached the railroad track.

All of the witnesses say the railway track was visible from the highway for a distance of eighty rods to the east, all the way from a point three rods distant from the track, and many of them affirm that it could have been seen without material hinderance at any time after reaching a point seventy feet from the track.

It is, therefore, certain that if the plaintiff had looked to the east when he reached a point fifty feet from the track, he would have seen the approaching train in time to have avoided the accident.

This being so, the failure of the railway company to perform its statutory duty was not, in legal contemplation, the efficient cause of the injury.

The rule which governs cases like the present is well stated by the author of a valuable treatise in the following language: "No failure on the part of the railroad company to do its duty will excuse any one from using the senses of sight and hearing, upon approaching a railway crossing, and, whenever the due use of either sense would have enabled the injured person to escape the danger, the injury is conclusive evidence of negligence, without any reference to the railroad's failure to perform its duty." Beach Cont. Neg., section 64.

The evidence tends to show that the railroad track was elevated several feet above the level of the highway, so that

there could have been no difficulty in halting the team before making the ascent, if attention had been given to the situation. *Salter* v. *Utica, etc., R. R. Co.,* 88 N. Y. 42 ; 2 Wood Railway Law, 1302-3-4.

Persons who could have avoided injury by exercising the opportunity to look for an approaching train, will be regarded as having made the attempt to cross after having seen the train approach.

The evidence does not sustain the verdict.   It was error to overrule the motion for a new trial.

Judgment reversed, with costs.

Filed Dec. 29, 1887.