Cadwallader *v.* The Louisville, New Albany and Chicago Railway Co.

No. 14,808.

CADWALLADER *v.* THE LOUISVILLE, NEW ALBANY AND
CHICAGO RAILWAY COMPANY.

RAILROAD.—*Accident at Crossing.*—*Contributory Negligence of Injured Party.*
—*What Constitutes.*—*When Question of Fact for Jury.*—One who ap-
proaches a railroad crossing with which he is familiar, and attempts
to cross without looking and listening for approaching trains, where it
is possible to do so, is guilty of such contributory negligence as pre-
cludes him from a recovery if he is injured, although the crossing was
supplied with a flagman, and the flagman did not give notice of the ap-
proach of danger. A person attempting to cross should not have the
right to assume, from that circumstance, that no danger existed, and
enter upon the railroad track without looking. Had the flagman done
anything to induce the appellant to attempt the crossing at the time
she was hurt, or anything to throw her off her guard, then the question
of her negligence would have been a question for the jury.

From the Montgomery Circuit Court.

*J. E. Humphries, M. D. White, W. H. Thompson, G. W.
Paul, J. West* and *W. E. Humphrey,* for appellant.
*E. C. Field* and *C. C. Matson,* for appellee.

COFFEY, J.—This was a suit by the appellant against the
appellee to recover damages on account of a personal injury
sustained by her at a point where the appellee's road crosses
one of the streets in the city of Crawfordsville. A trial of
the cause by jury resulted in a general verdict for the ap-
pellant. With the general verdict the jury returned answers
to special interrogatories, upon which the court rendered
judgment for the appellee, notwithstanding the general ver-
dict. The assignment of error calls in question the correct-
ness of this ruling.

The material facts in the case, as they are disclosed by
the special answers above referred to, are as follows: The
appellee's railroad runs nearly north and south through the
city of Crawfordsville and crosses Main street in said city,
which runs east and west. At the point where the railroad

crosses Main street it runs through a cut, but the street has been graded down so as to make a gradual approach to the railroad on either side. At the time the injury occurred, and for some time prior thereto, the appellee kept a watchman at this crossing. The appellant resided near the crossing, and for the period of eleven years before the injury was quite familiar therewith. On the 23d day of December, 1884, about eleven o'clock in the forenoon, the appellant approached the crossing from the business part of the city, returning to her residence, and in attempting to cross the track was struck and injured by the appellee's engine and cars, moving at the rate of about five miles an hour. As the engine and cars approached the crossing no bell was rung, nor did the watchman give any notice that a train was approaching. The ground was covered with snow upon which had fallen a heavy sleet, and the wind was high. The train which struck and injured the appellant approached the crossing from the north. Before entering upon the crossing the appellant did not look for approaching trains, but looked at the watchman stationed at the crossing. The appellant at the time of the injury was a person of ordinary intelligence, and was possessed of good hearing and good eyesight. When within twenty feet of the railroad track the appellant had an unobstructed view of the track for the distance of one hundred feet north, and when within ten feet of the track she had an unobstructed view for the distance of three hundred feet, and could have seen the approaching train before she stepped upon the track, had she looked.

Under these facts, appearing as they do from the answers to the special interrogatories, the court did not err in rendering judgment thereon for the appellee, notwithstanding the general verdict returned by the jury. They are wholly inconsistent with the general verdict, and the two can not stand together. It has been repeatedly decided by this and other courts of last resort, that one who approaches a railroad crossing with which he is familiar, and attempts to

cross without looking and listening for approaching trains, where it is possible to do so, is guilty of such contributory negligence as precludes him from a recovery if he is injured. Indeed the principle is so well settled, and is so firmly fixed in our jurisprudence as not to need further elaboration. *St. Louis, etc., R. W. Co.* v. *Mathias,* 50 Ind. 65; *Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185; *Terre Haute, etc., R. R. Co.* v. *Clark,* 73 Ind. 168; *Indiana, etc., R. W. Co.* v. *Greene,* 106 Ind. 279; *Indiana, etc., R. W. Co.* v. *Hammock,* 113 Ind. 1; *Ohio, etc., R. W. Co.* v. *Hill,* 117 Ind. 56; *Mann* v. *Belt R. R., etc., Co., ante,* p. 138.

The appellant admits the force of this rule, but contends that this case is an exception, for the reason that the crossing was supplied with a flagman, and as the flagman did not give notice of the approach of danger, she had a right to presume that none existed, and to enter upon the railroad track without looking.

We do not think this case is governed by the case of *Pennsylvania Co.* v. *Stegemeier,* 118 Ind. 305, and similar cases, where the company is required to close a gate upon the approach of trains, and thus cut off the approach of persons desiring to cross. In such cases it is held that the open gate is an invitation to cross, and that the person approaching the crossing has a right to rely upon such invitation. But even in that class of cases persons crossing are not excused from the use of some care to avoid injury.

In the case of *Pennsylvania Co.* v. *Stegemeier, supra,* where the deceased entered upon the track through an open gate, it was said by this court: " He had no right, however, to recklessly omit to use his senses of sight and hearing, and rely entirely upon this presumption ; but he did have a right to presume that there were no approaching trains."

Assuming in this case that the appellant had the right to presume that no train was approaching, by reason of the failure of the flagman to give notice, yet this did not excuse her from the use of her senses of sight and hearing in

order to ascertain the fact for herself. With the use of these senses she was as well able to ascertain whether a train was approaching as the flagman at the crossing, and a failure to use them was negligence. It has often been held by this court that negligence on the part of the railroad company does not excuse the injured party from the exercise of care on his part. *Bellefontaine R. W. Co.* v. *Hunter*, 33 Ind. 335; *St. Louis, etc., R. W. Co.* v. *Mathias, supra; Cincinnati, etc., R. R. Co.* v. *Butler*, 103 Ind. 31; *Indiana, etc., R. W. Co.* v. *Greene, supra; Indiana, etc., R. W. Co.* v. *Hammock, supra; Ohio, etc., R. W. Co.* v. *Hill, supra; Woodard* v. *New York, etc., R. R. Co.*, 106 N. Y. 369.

The failure of the flagman at the crossing to notify the appellant of the fact that a train was approaching was, at most, negligence, and did not excuse her from the use of some care on her part to avoid injury.

It is not found that the flagman did anything to induce the appellant to attempt to cross the track. The most that is claimed is that he did not notify her that a train was approaching.

Had the flagman done anything to induce the appellant to attempt a crossing at the time she was hurt, or anything to throw her off her guard, then the question of her negligence would have been a question for the jury. *Chicago, etc., R. R. Co.* v. *Hedges*, 105 Ind. 398; *Pittsburgh, etc., R. W. Co.* v. *Martin*, 82 Ind. 476. But we have no such case before us.

Judgment affirmed.

Filed April 2, 1891; petition for a rehearing overruled June 19, 1891.