Korrady, Adm'rx, *v.* The Lake Shore and Michigan Southern Railway Co.

Judgment affirmed, with costs.

Filed Feb. 5, 1892; petition for a rehearing overruled April 9, 1892.

---

No. 15,112.

## KORRADY, ADMINISTRATRIX, *v.* THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY.

NEGLIGENCE.—*Railroad.*—*Injury Resulting in Death.*—*Widow and Children.*—*Implied Damage.*—*Presumption.*—Where a complaint charges a railroad company with wrongfully killing a person, shows that the person so killed was free from contributory fault, and that he left a widow and infant children surviving him, a cause of action is stated, although it is not directly alleged that the surviving kin folks sustained actual damages. The legal presumption is that infant children are entitled to the benefit of the father's services, and that the wife is entitled to the benefit of the services and assistance of her husband, and that such services are of value to her and her children.

SAME.—*Answers to Interrogatories.*—*Question of Law.*—Where the facts covering the question of contributory negligence are fully stated in answers to interrogatories, or in a special verdict, it is the duty of the court to decide the question as one of law in cases where the facts lead to only one conclusion.

SAME.—*Railroad Crossing.*—*Contributory Negligence*—When a person voluntarily attempts to cross a track in front of a moving train which he sees not far distant approaching the crossing, he is guilty of contributory negligence, and can not recover.

SAME.—*Negligence of Defendant.*—*When Unavailing.*—If the plaintiff's negligence proximately contributed to his injury, he can not recover, no matter how negligent the defendant may have been, unless such negligence is so gross as to imply a wilful intention to inflict the injury.

SAME.—*Rate of Speed.*—*Municipal Ordinance.*—It does not excuse one who

Korrady, Adm'rx, *v.* The Lake Shore and Michigan Southern Railway Co.

attempts to cross in front of a locomotive which he sees approaching at no great distance, that the speed was eighteen miles an hour where a municipal ordinance limited the speed at that point to ten miles an hour.

INTERROGATORIES TO JURY.—*General Verdict.*—*What are Statements of Fact.*—Where the facts stated in an answer to an interrogatory are such as to preclude a recovery, the court must so adjudge, although answers upon other points may be favorable to the party who relies upon the general verdict. The statement that a person saw an approaching engine forty or fifty feet from him before he attempted to cross a railroad is the statement of a fact, and so is the statement that he attempted to cross and was struck by the locomotive.

SAME.—*Asking for General Conclusion.*—*Impropriety of.*—It is not error for the court to decline to permit an interrogatory to go to the jury which asks for a general conclusion, intermixing matters of fact with matters of law.

PLEADING.—*Complaint.*—*Damages.*—*Demurrer.*—If a complaint shows that the plaintiff is entitled to some damages or to some relief, although not so much or so great as that demanded, it will repel a demurrer.

From the Elkhart Circuit Court.

*H. C. Dodge,* for appellant.

*J. H. Baker* and *F. E. Baker,* for appellee.

ELLIOTT, C. J.—The appellee's contention that the complaint is bad because it does not specifically show that actual damages were sustained by the widow and infant children of the appellant's intestate can not prevail. Where a complaint charges a railroad company with wrongfully killing a person, shows that the person so killed was free from contributory fault, and that he left a widow and infant children surviving him, a cause of action is stated, although it is not directly alleged that the surviving kin folks sustained actual damages. The legal presumption is that infant children are entitled to the benefit of the father's services, and that the wife is entitled to the benefit of the services and assistance of her husband, and that such services are of value to her and her children. *Louisville, etc., R. W. Co.* v. *Buck,* 116 Ind. 566 ; *Board, etc.,* v. *Legg,* 93 Ind. 523 ; *Clore* v. *McIntire,* 120 Ind. 262 (264).

Korrady, Adm'rx, *v.* The Lake Shore and Michigan Southern Railway Co.

This presumption may, possibly, not extend so far as to entitle a plaintiff to recover actual or substantial damages without evidence, but it does prevail to save a complaint from overthrow where, as here, its averments are confessed by demurrer. The amount of damages that may be recovered depends, to be sure, upon the evidence; but where the intestate leaves a widow and infant children, the implication of law is that they sustained some injury which the wrong-doer must compensate in damages. It has long been the rule that if a complaint shows that the plaintiff is entitled to some damages, or to some relief, although not so much or so great as that demanded, it will repel a demurrer.

It has likewise long been the established rule that if the facts are undisputed, and one inference only can be drawn from them, the question whether there is or is not negligence becomes one of law. *Rogers* v. *Leyden*, 127 Ind. 50; *Board, etc.,* v. *Chipps, ante,* p. 56, and cases cited. The principle is the same whether the question concerns the negligence of the plaintiff or the negligence of the defendant. The principle stated makes it the duty of the court, where the facts covering the question of contributory negligence are fully stated in answers to interrogatories, or in a special verdict, to decide the question as one of law in cases where the facts lead to only one conclusion. *Cadwallader* v. *Louisville, etc., R. W. Co.,* 128 Ind. 518, and authorities cited.

In this case the facts exhibited in the answers to interrogatories fully cover the ground involved by the issue of contributory fault or no contributory fault. These are the facts: The plaintiff's intestate, John Korrady, had lived near the defendant's railroad tracks for several years and was familiar with the place where he attempted to cross them. He undertook to cross at a place where there were five tracks. He made the attempt to cross in the morning of a quiet day. The middle track was the main track, and the south tracks were side tracks. The engine by which he was struck was on the main track. As soon as Korrady crossed

the side track immediately south of the main track and before he attempted to cross the main track he looked to the west to see if any train was approaching. He saw the approaching train, and at that point there was nothing to obstruct his view. If he had stopped at a point five feet south of the south rail, he could have seen the approaching locomotive, and he did see it before attempting to cross. There was no sudden danger, nothing requiring him to go forward, but he might have remained in safety in the place where he saw the approaching engine. We think it clear that the intestate was guilty of contributory negligence. He was not only able to see the approaching locomotive, but he did see it, and, notwithstanding this, he undertook to cross the track. He made the attempt and incurred the hazard when there was no reason for doing so. The authorities are decisively against the right of recovery by one who voluntarily attempts to cross a track in front of a moving train which he sees not far distant approaching the crossing. *Indiana, etc., R. W. Co.* v. *Hammock,* 113 Ind. 1; *Ohio, etc., R. W. Co.* v. *Hill,* 117 Ind. 56; *Ohio, etc., R. W. Co.* v. *Walker,* 113 Ind. 196; *Heaney* v. *Long Island R. R. Co.,* 112 N. Y. 122; *Pakalinsky* v. *New York, etc., R. R. Co.,* 82 N. Y. 424; *Railroad Co.* v. *Houston,* 95 U. S. 697 (702); *Tully* v. *Fitchburg R. R. Co.,* 134 Mass. 499. The question is presented here as it was in *Cadwallader* v. *Louisville, etc., R. W. Co., supra,* but the facts are much stronger against the plaintiff in this case than they were in that case.

If a plaintiff's negligence proximately contributes to his injury, he can not recover, no matter how negligent the defendant may have been, unless such negligence is so gross as to imply a wilful intention to inflict the injury. *Cadwallader* v. *Louisville, etc., R. W. Co., supra.* As there is here no claim that the injury was wilfully inflicted, the case is to be treated as one of pure negligence. We can not take into consideration the negligence of the defendant upon the question of contributory negligence, for, conceding that it was

culpably negligent, there can be no recovery, as the negligence of the deceased proximately contributed to his injury. There is no fact, we may add, tending to show that the appellee wrongfully led the appellant's intestate into a perilous position, so that the case is the ordinary one of negligence at a crossing.

The appellant complains of a ruling of the trial court declining to permit an interrogatory to go to the jury. That interrogatory reads thus : " Is it not a fact that Korrady was not negligent in crossing Wide Alley where he did if he did not know said engine was approaching at a speed of more than ten miles an hour ? " The complaint is not well founded. The appellant had a right to elicit the facts, but had no right to ask for a general conclusion, intermixing matters of fact with matters of law. *Bellefontaine R. W. Co.* v. *Hunter,* 33 Ind. 335; *Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185 ; *Uhl* v. *Harvey,* 78 Ind. 26 ; *Louisville, etc., R. W. Co.* v. *Worley,* 107 Ind. 320 ; *Chicago, etc., R. R. Co.* v. *Ostrander,* 116 Ind. 259; *Pittsburgh, etc., R. W. Co.* v. *Adams,* 105 Ind. 151.

It does not excuse one who attempts to cross in front of a locomotive which he sees approaching at no great distance, that the speed is eighteen miles an hour at a place where a municipal ordinance limits it to ten miles an hour. The law is well settled that where a train is seen approaching it is contributory negligence to voluntarily attempt to cross the track upon the assumption that the speed is not greater than a municipal ordinance allows. *Cadwallader* v. *Louisville, etc., R. W. Co., supra; Railroad Co.* v. *Huston,* 95 U. S. 697 (702).

Running a locomotive at a rate of speed forbidden by a municipal ordinance is ordinarily negligence on the part of the railroad company, but such negligence will not excuse a person who assumes the risk of crossing in front of a train he sees and knows is approaching the crossing.

It is undoubtedly the law that a general verdict is not con-

trolled by answers to interrogatories, unless the conflict between the answers and the verdict is irreconcilable.    Here that is the nature of the conflict.    For it is settled as matter of law, as we have shown, that one who attempts to cross a railroad track in front of an approaching locomotive which he sees while in a place where he might remain with safety, is guilty of such contributory negligence as bars a recovery.

Where the facts stated in an answer to an interrogatory are such as preclude a recovery, the court must so adjudge, although answers upon other points may be favorable to the party who relies upon the general verdict.    If facts are found which are fatal to a recovery, the court is bound to deny the plaintiff a judgment, whether such facts relate to one or to many points.    A defendant who establishes a point which completely and effectually destroys the alleged cause of action must necessarily succeed.    *Rice* v. *City of Evansville*, 108 Ind. 7 (11) ; *Lake Shore, etc., R. W. Co.* v. *Pinchin*, 112 Ind. 592 (597).

It is true that facts, and not evidence, are the only things of value in answers to interrogatories.    But the statement that a person saw an approaching engine forty or fifty feet from him before he attempted to cross a railroad is the statement of a fact, and so is the statement that he made the attempt to cross and was struck by the locomotive.    *Cadwallader* v. *Louisville, etc., R. W. Co., supra.*

Judgment affirmed.

Filed Jan. 16, 1892; petition for a rehearing overruled April 28, 1892.