ELLEN MAGNER *vs.* WILLIAM H. TRUESDALE.

Argued May 15, 1893.   Decided June 8, 1893.

### Care Required in Crossing a Railroad Track.

*Held,* that one attempting to cross a railroad track at a street crossing without looking to see if there is danger, when there is nothing to prevent his looking, and when, by looking, he must have discovered the danger in time to avert it, is guilty of negligence.

### Contributory Negligence Barring Recovery.

*Held,* that the evidence shows such negligence, and that defendant was entitled to the verdict rendered, so that any error in the charge was ·harmless.

Appeal by plaintiff, Ellen Magner, as administratrix of the estate of Edmund Magner, deceased, from an order of the District Cou⁻ ˙ of Hennepin County, *Thomas Canty,* J., made August 26, 1892, denying her motion for a new trial.

On December 18, 1889, about nine o'clock in the forenoon, Fd-mund Magner, since deceased, was walking west on the south ‿‿ᴖ of Elm Street and crossing the track of the Minneapolis and St. Louis Railway Company. The track of the railway runs north and south through that city. The railway was in the hands of the defendant, William H. Truesdale, Receiver appointed June 28, 1888, by the District Court of Hennepin County. The employes were making a flying switch. The engine came from the south and, at the north line of Elm Street, passed onto a side track. Following it was a freight car going north. When the engine had passed, Magner stepped onto the track behind it to cross over, and was struck by the freight car, run over and so seriously injured that he died the next day. The plaintiff was on January 20, 1890, appointed administratrix of his estate and on obtaining permission, brought this suit against the Receiver, under 1878 G. S. ch. 77, § 2, as amended by Laws 1889, ch. 109, to recover $10,000 on account of the negligence of the Receiver's employes in making a flying switch across a public street in the city. The defense was, that deceased was plainly guilty of contributory negligence, in not looking up the track to the south, before attempting to cross. The issues were tried June 23, 1892. Defendant had a verdict.

*John Moonan,* for appellant.

The making of a flying switch at the time, and in the manner this one was made, was such gross negligence and carelessness upon the part of defendant's servants and agents, that no amount of contributory negligence would bar a recovery. *Schindler* v. *Milwaukee, L. S. & W. Ry. Co.,* 87 Mich. 400; *Alabama & V. Ry. Co.* v. *Summers,* 68 Miss. 566; *Louisville & N. Ry. Co.* v. *Pott's Adm'r,* 90 Ky. ——.

*Albert E. Clarke* and *Wilbur F. Booth,* for respondent.

Appellant's proposition is, that the defendant's agents were so negligent that no contributory negligence on the part of decedent, will bar a recovery. This does not, in our judgment, require discussion in this court. *Elliot* v. *Chicago, M. & St. P. Ry. Co.,* 5 Dak. 523; *Texas & N. O. Ry. Co.* v. *Brown,* 2 Tex. Civ. App. 281.

GILFILLAN, C. J. Action for negligently injuring, and causing the death of, plaintiff's decedent, Edmund Magner.

The Minneapolis & St. Louis Railway, of which defendant was receiver, and in the management, runs nearly north and south upon and along Mill street, a public street in the city of Waseca, and crosses Elm street, also a public street in said city. From some distance south of Elm street the track is upon a slightly descending grade to and across that street, and to the north of it there is a switch track. Those in charge of the railway switched cars from the south side of the street by running them across to and upon the switch track, or ran them along the main track north of the street, while the engine doing the switching ran upon the switch track to let them pass. At the time of the injury the railway employes were making, from the south to the north side of Elm street, what is called a "flying switch," that is, one made by attaching to the car to be switched an engine giving the car a sufficient impetus, and then detaching the engine, running it ahead, out of the way, and allowing the car, with the impetus thus imparted, to run to the place desired. The engine had been detached, had run ahead, had passed deceased; and he being on the track, or very near it, the car being switched, and following the engine, struck him, and threw him down, so that

he was caught by the running gear, and injured so that he died. The evidence was largely devoted to the question whether, when struck, he was on, or just south of, Elm street, and whether, if within the limits of that street, he was walking along the track, or was attempting to cross it diagonally, towards the northwest. Whichever was the fact, he was, when struck, either on the track, or dangerously near to it, with his back to the approaching car.

The fact is indisputable, on the evidence, that, had he looked back before he stepped on or so near the track, he must have seen the approaching car in time to avoid it. One or two of plaintiff's witnesses indicate that there was some fog, and that the engine threw some smoke down upon the track; but even those witnesses testify that they saw, not only the car, but the man, when they must have been at a considerable distance. There is no evidence that he made any effort to learn if there was danger. The only evidence on the point was that he was walking along with his head down, apparently paying no attention to anything. He had lived in the city about five months; was a railroad man; section boss on the Chicago & Northwestern Railroad, the track of which crossed that of the Minneapolis & St. Louis within five or six hundred feet south of Elm street,—the two roads using the same depot at that place; and he must be presumed to have known the situation and danger of the Elm street crossing.

The rule being that one approaching, and about to cross at, a railroad crossing, must use his senses, his sight and hearing, unless he is in some way, through no fault of his, prevented, to learn if he can make the crossing safely, and that it is negligence *per se* to place himself upon the track without looking and listening, when he can look or listen, and doing so would inform him of the approaching danger in time to avert it, the deceased was clearly guilty of such contributory negligence as must prevent a recovery. A verdict for the plaintiff could not have been sustained, and defendant was entitled to a direction to return a verdict for him.

Whether the instructions which plaintiff assigns as error were strictly accurate is, in view of the evidence, merely an abstract question. No instructions of the court could change the situation, that defendant was entitled to a verdict, and as the jury rendered the

verdict they were bound, by the evidence, to render, any error in the instructions could have done no harm.

Order affirmed.

VANDERBURGH, J., took no part in the decision.

(Opinion published 55 N. W. Rep. 607.)