# CHARLESTON.

## BERKELEY *v.* CHESAPEAKE & O. RY. CO.

Submitted September 15, 1896—Decided December 19, 1896.

1. RAILROADS—*Railroad Crossings—Damages—Contributory Negligence.*
   Where a party with no defect in his sight or hearing attempts to cross a railroad track at a street crossing in a city, without looking or listening for the approach of a train, and is struck and injured by a train moving on said railroad, his negligence is such as to preclude him from recovering damages for such injury, although the servants of the railroad may have been negligent in failing to ring a bell or blow a whistle before reaching said crossing, as required by statute. (p. 16.)

2. RAILROADS—*Railroad Crossings—Contributory Negligence.*
   The person thus attempting to cross the railroad track, and the company owning the railroad, have mutual and reciprocal duties and obligations in such case; and, though a train has the right of way, the same degree of care and diligence to avoid collision is due from both. (p. 16.)

3. RAILROADS—*Railroad Crossings—Damages—Contributory Negligence.*
   It is the duty of the pedestrian at the street crossing of a

railway to look carefully for an approaching train, and, if the view is obstructed, to listen before attempting to cross the track; otherwise, he will himself be guilty of negligence, which will prevent his recovery for an injury received in crossing. (p. 16.)

4.  PLEADING—*Demurrer—Bill of Exceptions.*
    Where there is a demurrer to the evidence, the evidence given in the cause on both sides is stated in the demurrer, and not set forth in a bill of exceptions. (p. 13.)

Error to Circuit Court, Cabell county.

Case by J. M. Berkely against the Chesapeake & Ohio Railway Company. There was a judgment for plaintiff, and defendant brings error.

*Reversed.*

SIMMS & ENSLOW for plaintiff in error.

ISBELL & WIATT and CHAS. E. HOGG for defendant in error.

ENGLISH, PRESIDENT :·

This was an action of trespass on the case, brought by J. M. Berkely against the Cheasapeake & Ohio Railway Company, a corporation, in the Circuit Court of Cabell county, on the 30th day of August, 1893, to recover damages for an injury alleged to have been inflicted upon the plaintiff while crossing the track of said railroad in the city of Huntington, on Seventh street, in this: that the defendant, by its servants and agents, negligently drove its locomotive engine and tender against the plaintiff with great violence, and threw the plaintiff with great force upon the ground, thereby causing him great bodily injury, etc., to the damage of the plaintiff twenty thousand dollars. The defendant demurred to the plaintiff's declaration, which demurrer was overruled by the court, the plea of not guilty was interposed, and issue joined thereon, and the case was submitted to a jury, the testimony was submitted, and the defendant demurred to the plaintiff's evidence; and the jury found for the plaintiff, and, assessed his damages at two thousand dollars, and, if the court found for the defendant on its said demurrer, then they found the defendant not guilty ; and the court, having found that the law was for the plaintiff on said demurrer, overruled the same. The evidence was set out, and the

court entered judgment for the plaintiff on the verdict, and the defendant obtained this writ of error. The demurrer to the declaration is not insisted on in the argument, and, as it seems sufficient the demurrer must be regarded as waived. The defendant, at the close of the testimony, demurred to the plaintiff's evidence, in which demurrer the plaintiff joined, setting forth the evidence in the demurrer, which demurrer, being considered by the court, was overruled, and judgment given for the plaintiff for two thousand dollars, the amount of the verdict; and the defendant obtained this writ of error.

Now, the evidence shows that the plaintiff, on the 24th day of April, 1893, attempted to cross the Chesapeake & Ohio Railway track, at Seventh street, in the city of Huntington. The plaintiff, in his testimony, says: "When I got to the railroad, this little switch engine was going up. I saw it just below the street. It was coming up, and I stayed there; stopped—I don't know—perhaps some ten or fifteen feet from the track, until it passed up. Then I started across on the regular crossing, right where I always crossed. I had crossed there two or three times a day, and, when I got on the track after he had passed up with his engine, I started over as usual; and I suppose he reversed his engine quick, after I got on the track. I cannot remember any more." On cross-examination, he was asked: "How far did you see it away from the street before you started across the track? How far had it gone by you? A. I cannot tell exactly, but I suppose, maybe, the engine was the length of it or more from me when I started across. Q. You did not wait to see whether it was coming back or not? A. Well, he run up, and went past me, and I cannot tell. Q. You thought it was still going on further, did you? A. That was my idea, of course. Q. You did not look to see whether or not it was coming back as you stepped on the track? A. No, of course, I did not look to see. Q. If you had looked, was there anything in the way that would have prevented you from seeing it coming back at the time you started to go on the track? A. Of course, I could have seen it if I had looked up, I suppose; but the way he does there, he reverses so quick that little engine. Q. You knew that, did you? A. No; I never noticed until afterwards. Q. At

the time you went to step on the track, if the engine had
been coming back, and you had looked, could you have
seen it? Was there anything to prevent you from seeing
it? A. Nothing at all." Now, these are the facts de-
tailed by the plaintiff himself bearing upon the question
of contributory negligence. The law upon this question
has been well settled in the different states, and in the
Supreme Court of the United States. In the case of
*Hogan* v. *Tyler*, 90 Va. 19, (17 S. E. 723) the Court of Ap-
peals of Virginia, held that "where a person, after stand-
ing near a crossing, attempts to cross, and is run over by a
train which he might see or hear if he looks or listens, is
guilty of such contributory negligence as will prevent a
recovery for his death, notwithstanding negligence of de-
fendant in failing to sound the whistle or ring the bell."
So also in the case of *Marks' Adm'r* v. *Railroad Co.*, 88 Va.
1, (13 S. E. 299) : "Plaintiff's intestate, a one-eyed woman.
53 years old, reached within 4 feet of railroad track
crossing over frequented street, and stopped on walkway
to wait till freight train passed. It passed her, but stop-
ped before its rear car had got halfway across the street,
which was less than 60 feet wide. Brakeman at switch 15
feet distant signaled engineer with hand and voice to back.
Train moved slowly back, having no outlook on leading
car. In the meanitme, intestate remained on walkway, be-
tween brakeman and train, in unobstructed view of both.
When train had reached within two or three steps of her,
she started across the track, was run over, and killed.
Held, company was guilty of negligence, but intestate's
own negligence was the proximate cause of the injury, and
plaintiff cannot recover." In the case of *Improvement
Co.* v. *Stead*, 95 U. S. 161, it was held that "travelers upon
a common highway which crosses a railroad upon the same
level, and the railroad running a train, have mutual and
reciprocal duties and obligations; and, although the train
has the right of way, the same degree of care and dili-
gence in avoiding a collision is required from each of them."
The Supreme Court of Missouri, in the case of *Kelsay* v.
*Railway Co.*, 129 Mo. 362, (30 S. W. 329,) held that "a
traveler on a highway approaching a railroad crossing
must, at convenient distance therefrom, look in both direc-
tions before attempting to pass over it, if, by so doing, a

coming train can be seen.   Such duty is a continuing one, and will not be performed by looking only from a point at which the view of the track is obstructed.   Where the evidence shows that plaintiff, in approaching the crossing, did not look both ways with the care required by common prudence, or did not look at all until too late to avoid the collision, the company will not be liable." Upon this question a strong case is presented in that of *Cadwallder* v. *Railway Co.*, 128 Ind. 518, (27 N. E. 161;) the court in that case holding that "one who approaches a railroad crossing with which he is familiar, and attempts to cross without looking and listening for approaching trains, where it is possible to do so, is guilty of such contributory negligence as precludes him from a recovery if he is injured," although the crossing was supplied with a flagman, and the flagman did not give notice of the approach of danger.   A person attempting to cross should not have the right to assume from that circumstance that no danger existed, and enter upon the railroad track without looking. Had the flagman done anything to induce the appellant to attempt the crossing at the time she was hurt, or anything to throw her off her guard, then the question of her negligence would have been a question for the jury.   This question was also before the Supreme Court of Wisconsin in the case of *Hansen* v. *Railway Co.*, 83 Wis. 631, (53 N. W. 909,) and it was there held that where plaintiff's intestate started to cross defendant's track a short distance in front of an engine, and was killed, and if he had looked before attempting to cross he could have seen the engine approaching, he was guilty of such contributory negligence as to prevent a recovery.   And in the case of *Sala* v. *Railway Co.*, 85 Iowa, 678, (52 N. W. 664,) it was held that under chapter 104 of the Acts of the 20th General Assembly, requiring a steam whistle to be twice sharply sounded by a locomotive engine at least sixty rods before a highway crossing is reached, and that, after the sounding of the whistle, the bell shall be rung continuously until the crossing is passed, and providing that the railroad company shall be liable for all damages which shall be sustained by any person by reason of such neglect, the omission of such duty will not render a railroad company liable in damages for personal injuries sustained at a rail-

road crossing without regard to the negligence of the person injured. It was also held by the Supreme Court of Minnesota, in the case of *Magner* v. *Truesdale*, 53 Minn. 436, (55 N. W. 607,) that "one attempting to cross a railroad track at a street crossing without looking to see if there is danger, when there is nothing to prevent his looking, and when, by looking, he must have discovered the danger in time to avert it, is guilty of negligence."

These are the rulings of some of our sister states upon the question of contributory negligence, but we need not go beyond the limits of our own state to find the rulings which clearly and distinctly define the effect of contributory negligence upon a claim asserted for damages on account of injuries received by reason of the negligence of another party. So, in the case of *Gerity's Adm'x* v. *Haley*, 29 W. Va. 98, (11 S. E. 901,) this Court held that, "where negligence is the ground of an action, it rests upon the plaintiff to trace the fault of his injury to the defendant, and for this purpose he must show the circumstances under which the injury occurred; and if, from these circumstances so proven by the plaintiff, it appears that the fault was mutual, or, in other words, that contributory negligence was fairly imputable to him, he has, by proving the circumstances, disproved his right to recover, and, on the plaintiff's evidence alone, the jury should find for the defendant." Again, in the case of *Beyel* v. *Railroad Co.*, 34 W. Va. 538, (12 S. E. 532,) which may be regarded as a leading case upon this question in this state, the syllabus reads as follows: "Failure to ring a bell or blow a whistle on an engine, as required by the Code, c. 54, s. 61, is negligence for which a railroad company is chargeable; but this does not excuse a traveler on a highway crossing a railroad track from the exercise of such reasonable care and caution as the law requires to ascertain whether a train is approaching the crossing. (2) The traveler and the company have mutual and reciprocal duties and obligations in such case, and, though a train has the right of way, the same degree of care and diligence to avoid collision is due from both. (3) It is the duty of a traveler on the highway crossing a railroad to look carefully for an approaching train, and if looking leaves any doubt, or the view is obstructed, he must also listen before attempting

to cross; otherwise he will himself be guilty of negligence which will prevent his recovery for an injury received in crossing. Obstructions rendering the view obscure and unreliable call for greater caution on his part."

Now the plaintiff's own testimony shows that his eyesight and hearing were good, that there was no noise to prevent his hearing, no obstruction to prevent his seeing the train returning if he had only taken the precaution to look; and we must conclude that he was lulled into security by the fact that the train had passed and he did not anticipate its immediate return, and that, without using the least precaution, he walked heedlessly onto the track in front of the approaching train. Under these circumstances, notwithstanding the agents of the railroad may have been guilty of negligence in not ringing the bell and blowing the whistle, in the light of the authorities above quoted, my conclusion is that the plaintiff was guilty of such contributory negligence in this case as precludes his recovery.

The judgment complained of is reversed, and this Court, proceeding to render such judgment as should have been rendered, gives judgment for the defendant upon the demurrer to the evidence, with costs.

*Reversed.*