### CINCINNATI, H. & D. RY. v. LIPMAN LEVY, ADMR.

1. ERRONEOUS CHARGE AS TO LOOKING AND LISTENING AT CROSSING.

A traveler is never wholly absolved from using his faculties to avoid danger, and in an action growing out of an accident at a grade crossing, a charge to the jury is erroneous which makes the railroad company liable on account of the negligence of the watchman in failing to signal danger, independent of the fact that the deceased and her husband, who was riding with her, depended on the watchman more than on their own faculties to discover whether a train was coming.

2. QUESTION OF NEGLIGENCE OF DECEDENT IN REGARD TO LOOKING AND LISTENING IS FOR JURY.

In such a case the extent to which the decedent and her husband used their senses to discover whether a train was approaching, or the degree of negligence, if any, of which they were guilty, are questions for the jury.

3. BURDEN OF PROOF ON PLAINTIFF WHERE HIS TESTIMONY RAISES PRESUMPTION OF CONTRIBUTORY NEGLIGENCE.

While it is true the burden of proving contributory negligence is on the defendant, an exception arises to the rule where the plaintiff's own testimony raises a presumption of contributory negligence.

[Syllabus by the court.]

ERROR to Hamilton common pleas court.

**M. R. Waite,** for plaintiff in error.

**Johnson & Levy,** for defendant in error.

**GIFFEN, J.**

This action, Cincinnati, Hamilton & Dayton Railway Company v. Lipman Levy, Administrator De Bonis Non of the Estate of Florence S. Taylor, Deceased, arose from an accident that occurred at a rail-

road crossing where a flagman was maintained. Dr. Taylor, the husband of the deceased, testified that he had frequently observed a flagman seated in his box when no train was approaching the crossing; that on the occasion of the accident, he saw no flagman on the track; that the door of the flagman's box faced the east; that he approached the track from the west, his horse moving on a slow trot; that his view of the track in the direction, from which the train was running was obstructed.

The jury returned a verdict in favor of the plaintiff for the sum of $3,500, which the court reduced to the sum of $3,000, and rendered judgment therefor.

It is claimed that the court erred in overruling the motion to arrest the case from the jury at the conclusion of plaintiff's testimony. In the case of the Cincinnati, Hamilton & Dayton Railway Company v. Walter F. Taylor, growing out of the same accident, this court held upon a like motion that the court properly overruled a similar motion. The evidence in this case is substantially the same, and a like ruling will be made in this case.

It is further claimed that the court erred in giving the following instruction in its general charge:

"If the flagman was absent from his place of duty, or was not giving any signal or warning when she attempted to pass over the crossing, it is not contributory negligence on her part to drive through without stopping to look or listen, though the view is obstructed, in order that the cars could have been seen a few feet away."

It will be observed that the decedent was not relieved by this charge of the duty of looking and listening but only of the duty of stopping for that purpose. It is not entirely clear what is meant by "the absence of the flagman from his place of duty," but inasmuch as the testimony discloses that the flagman was in the box at the side of the crossing, it must be inferred that the court intended to state only if the flagman was not on the crossing or not visible, so that any signal given by him could be seen by the decedent or her husband. Applying the charge to the evidence in the case, there is no error in giving it. See the case of Railway v. Schneider, 45 Ohio St. 678.

The following paragraph in the general charge is also claimed to be erroneous:

"If you find from a preponderance of the evidence that the decedent knew there was a flagman at this crossing, that he was absent from his place of duty upon this occasion, or failed to give the signal of danger, and she had no other knowledge of the danger, the railroad

company would be liable providing you find from the evidence the collision was the proximate cause of her death."

This charge makes the railroad company liable for the negligence of the flagman provided the decedent knew that a flagman was maintained at this crossing, and had no other knowledge of the danger, independent of whether she or her husband looked or listened for an approaching train. In the former case we said:

"A traveler is never wholly absolved from using his faculties to avoid danger, and what would or would not amount to .the exercise of ordinary care depends upon the circumstances of each case, and is properly one of fact to be determined by the jury."

In the case of *Tyler* v. *Railway,* 157 Mass. 336 [32 N. E. Rep. 227], the last proposition of the syllabus is as follows:

"If it is customary for a railroad corporation to have a flagman at a crossing at grade of a highway by the railroad, and he is absent, this does not excuse a traveler on the highway from looking to see if a train is coming before he attempts to cross the railroad tracks, where there is no obstacle to prevent his seeing."

And on page 340, the court say:

"If it is customary to have one [flagman] at a crossing, and he is absent, a traveler has a right to rely to some extent on this fact; but this does not excuse his not looking at all to see if a train is coming, when there are no obstacles to prevent his seeing if he looks."

In the case of *Cadwallader* v. *Railway,* 128 Ind. 518 [27 N. E. Rep. 161], the syllabus is as follows:

"One who approaches a railroad crossing with which he is familiar, and attempts to cross without looking and listening for approaching trains, where it is possible to do so, is guilty of such contributory negligence as precludes him from a recovery if he is injured, although the crossing was supplied with a flagman, and the flagman did not give notice of the approach of danger. A person attempting to cross should not have the right to assume, from that circumstance, that no danger existed, and enter upon the railroad track without looking. Had the flagman done anything to induce the appellant to attempt the crossing at the time she was hurt, or anything to throw her off her guard, then the question of her negligence would have been a question for the jury."

It does not appear from the testimony that the doctor or his wife wholly failed to use their senses to ascertain whether a train was approaching. The extent to which they did use them, or the degree of negligence, if any, in not using them, were questions for the jury which

Hamilton County.

were excluded by that part of the general charge last quoted. It seems, therefore, that the charge was clearly erroneous and prejudicial.

The court also charged that the burden of proving contributory negligence is on the defendant. While this is true ordinarily, it is not so when the plaintiff's own testimony raises the presumption of contributory negligence. We think in this case the court should have qualified the charge in this respect. The evidence was sufficient to show that death resulted from the accident.

It is also claimed that the testimony of the actuary pertained to the expectation of Doctor Taylor's life alone, whereas the joint expectation of the doctor and his wife must control. It appears, however, from the bill of exceptions, at page 51, that the actuary did give the expectation of the joint lives of a woman forty-five years old and a man eighty-four years old. We think the doctor was qualified to testify as to the value of his wife's services, although we may not agree with him in the amount fixed, nor were the jury bound by it.

We are not disposed to disturb the judgment upon the ground that the damages are excessive, althonugh it is not free from doubt.

Judgment reversed and cause remanded for a new trial.

**Jelke** and **Swing, JJ.,** concur.