# CHARLESTON.

D. E. CLINE v. W. G. McADOO, DIRECTOR GENERAL OF RAILROADS

Submitted February 4, 1920.   Decided February 10, 1920.

1. RAILROADS—*Traveler Approaching Crossing Must Stop, Look and Listen.*

    As many times decided, it is the duty of a traveler on a public highway, on approaching a railroad crossing, to stop, look and listen, without which, if injured, he will be guilty of contributory negligence.   (p. 527).

2. SAME—*Traveler, on Crossing Double Tracks, Must Look in Both Directions.*

    Where the railroad consists of a double track, on which the trains run in opposite directions are operated, this rule of obligation is not discharged by a traveler by looking only in one direction; it is his duty to look in both directions; and where there is nothing to obstruct his view or hearing, the question of his negligence is generally one of law for the court and not of fact for the jury.   (p. 527).

3. SAME—*Traveler Bound to Notice Operation of Cars on Double Track Road.*

    The fact that the engine or train doing the injury complained of may have been moving backwards on the track not regularly used by trains going in that direction does not excuse the traveler, as a general rule, from discharge of his duties, for he is bound to take notice that the railroad may operate trains on either track in either direction.   (p. 527).

4. SAME—*Contributory Negligence of Traveler at Crossing Proximate Cause of Injury.*

    Where one so negligent is injured by carelessly driving on a railroad crossing in front of a moving engine or train, the proximate cause of his injury must be regarded as his contributory negligence and not the negligence of the railroad company in omitting to ring the bell or blow the whistle.   (p. 529).

Error to Circuit Court, McDowell County.

Action by D. E. Cline against W. G. McAdoo, Director General of Railroads.   Demurrer to plaintiff's evidence was joined in by plaintiff, and there was conditional verdict for plaintiff and judgment thereon by the court, motions to set aside the

verdict as excessive and for a new trial overruled, and defendant brings error.

*Reversed, demurrer to evidence sustained; judgment entered for defendant.*

*Sale & Tucker* and *F. M. Rivinus,* for plaintiff in error.

*G. W. Howard,* for defendant in error.

MILLER, JUDGE:

The plaintiff sued defendant for damages for personal injuries and also damages to his automobile, the result of being struck at a street crossing in the town of Davy, by one of defendant's engines being operated westward on the east bound track. At the conclusion of plaintiff's evidence the defendant interposed a demurrer thereto, which was joined in by plaintiff, and the jury returned a conditional verdict assessing plaintiff's damages at $1,000.00, conditioned on the law of the case as it might thereafter be determined by the court, and in answer to special interrogatories, in connection with their verdict, the jury responded that they had included therein $850.00 for personal injuries sustained by the plaintiff and $150.00 for damages to his automobile.

On the demurrer thus submitted to the court, the court found the law for the plaintiff and entered judgment in his favor against the defendant for the full sum found by the jury. The usual motions to set aside the verdict as excessive in amount, and for a new trial, were overruled.

The acts of negligence alleged and relied on by plaintiff were, the operation of the engine doing the injury westward on an east bound tract, failure of the trainmen to keep a proper lookout, and their failure to ring the bell or blow the whistle as provided by section 61, chapter 54 of the Code.

There was evidence introduced tending to show negligence of the trainmen in the particulars alleged, and it is conceded that the engine which struck plaintiff's automobile was at the time being operated backward and westward over the east bound track.

To reverse the judgment defendant relies solely upon the contributory negligence of the plaintiff, which it is claimed is fully established by his own evidence, as a matter of law for

the court and not of fact to be submitted to the jury. As opposed to this theory of defendant plaintiff contends that conceding his contributory negligence there was supervening negligence of the defendant which constituted the proximate cause of his injuries, but there is no evidence of such intervening negligence, unless shown by the failure of the trainmen to ring the bell or blow the whistle at the road or street crossing where the collision occurred.

The facts pertinent to the real questions involved, namely, the one of contributory negligence of the plaintiff and the supposed intervening negligence of the defendant, are few. As alleged and proven they are these: The defendant at the town of Davy operates his trains over east and west bound tracks, the one paralleling the other in close proximity; that usually the east bound trains are operated on the east bound track and those west bound on the west bound track. · Shortly before he sustained his injuries plaintiff was at the railroad station, about one thousand feet east of the road or street crossing where the said collision took place. After transacting his business there, he started westward along the county road, paralleling and running within a few feet of the east bound track of the railroad. On his way he stopped at a store on the south side of the county road and opposite the railroad. When he had transacted his business there, he re-entered his automobile and proceeded westward to the road or street crossing the railroad tracks. At the point of intersection one branch of the road went almost directly north and the other almost directly south, the former in the direction of plaintiff's home and the other in the direction of the town of Iaeger. The evidence of plaintiff shows that this point of intersection is about one hundred feet from the east bound track. The plaintiff admits that on reaching the point of intersection he turned to the right without stopping, looking or listening for any train approaching the crossing on either track from the east. He admits that he was hard of hearing in his right ear; that he was looking westward only for trains that might be approaching from that directon; and that he was wholly negligent in performing his duty in other respects. What transpired at the moment and just before the plaintiff was injured, may be best stated in his own language: "Well, I was·

at the depot, and got through my business up there and started back down west along the side of the east bound track and I could see the track all along and didn't see no train on it, that is, from in front of me, and I stopped in a store down there about half way between the crossing and the depot and traded a little, and after I got through, I got in my car and went on down towards the crossing. I could see down the east bound track that there was nothing coming up it. Well, about that time, I made the curve to cross and as soon as my front wheels got on the track I turned my eyes and there was that backing engine in about twenty feet of me, I thought, maybe a little less. Well, then, I went to thinking. I didn't know what speed that engine was traveling and I thought if I undertook to go on across and it would strike me while I was midways on the track there would be no chance to save my life. Then I undertook to back, and before I could back off, it struck me,—struck the car; it never touched me."

We think this evidence established gross contributory negligence; and unless some other facts and circumstances have been shown to excuse plaintiff, or sufficient to carry the case to the jury on the question whether or not he did what a reasonable and prudent person under like circumstances would have done, the fact of his contributory negligence constitutes a complete defense to his action. We find nothing in the record which would excuse him for his neglect to stop, look and listen, and for his deliberate attempt to drive over the railroad tracks without doing so. It is not only proven but admitted that there was nothing to obstruct plaintiff's view east and west after he left a switch or side track some 250 or 300 feet from the crossing.

The duty of a traveler on a highway, on coming to a railroad crossing, is not discharged by looking only in one direction. Our decisions and the decisions everywhere are to the same effect that he must if necessary stop, and look and listen in both directions. *Beyel* v. *Newport News etc. R. R. Co.,* 34 W. Va. 538; *Berkeley* v. *C. & O. Ry. Co.,* 43 W. Va. 11; *Bassford* v. *P. C. C. & St. L. Ry. Co.,* 70 W. Va. 280; *City of Elkins* v. *Western Maryland Ry. Co.,* 76 W. Va. 733.

But it is contended in support of the judgment that the demurrer to the evidence was properly overruled notwithstanding

the rule of law just stated, because, as it is conceived, this case falls within an exception to the general rule, illustrated in its application in our cases of *City of Elkins* v. *Western Maryland Ry. Co., supra, Riedel* v. *Traction Co.,* 69 W. Va. 18, and cases of their character. And to bring this case within the exception, counsel insist that if plaintiff knew it was a custom of defendant to operate the west bound trains on the west bound track and the east bound trains on the east bound track, he was excused thereby for not looking, or observing the engine that struck him, moving westward on the east bound track. In the City of Elkins case, reversing the judgment below sustaining the demurrer to the evidence, we concluded that the contributory negligence there relied on was a question of fact for the jury and did not, as the facts here do, establish contributory negligence per se. In the Elkins case the evidence was that the drivers of the team injured both looked and listened, though they did not stop, but their view of the crossing was obstructed by cars placed on a sidetrack by the railway company, and the evidence is that they listened but heard no bell ring, and if one had been rung they would have heard it. They could not get a view of the track on which the train was moving without getting down from their wagon and going forward; and whether under all the facts and circumstances there shown they should have taken this precaution, presente a question of fact for the jury. In the Riedel case, involving the operation of an electric car on city streets at a street crossing, we reversed the judgment below for defendant, which struck out plaintiff's evidence, being of opinion that whether plaintiff's contributory negligence or the intervening negligence of the motorman in not sounding the gong or stopping the car after seeing plaintiff on the track and in peril constituted the last acts of negligence responsible for plaintiff's injury, were questions of fact for the jury and not of law for the court. The rule applicable to the operation of steam railroads is different in some respects from that applicable to cars operated by electricity on city streets. Steam railroads are regarded as having the right of way, while travelers on streets, particularly at street crossings, are regarded as having rights practically equal to those of street railways.

Had the plaintiff, under these authorities, the right to rely

on the supposed custom of the railroad company, of operating its east bound and west bound trains on their respective tracks, so as to excuse him from performing his duty when approaching the railroad crossing? We think not. Plaintiff was bound to know that in operating trains the railway company may run its trains backward or forward on any track. The engine that struck plaintiff was not an engine attached to a regular train, but the evidence tends to show it was engaged in work at a wreck that had occurred east of the station. We are cited by plaintiff's counsel to some cases where persons crossing railroad tracks were excused from contributory negligence when struck by regular trains that had passed and had been run suddenly backward without warning, but they are all distinguishable from cases like the present one, which we think is similar to *Berkeley* v. *C. & O. Ry. Co. supra.* That case involved the operation of a switch engine.

Outside of these circumstances what is there to excuse plaintiff's negligence? We find absolutely nothing. Hearing in his right ear was somewhat difficult, according to his testimony, but this should have made him all the more careful in turning upon the track without performing his full duty.

But was there any intervening negligence of defendant which constituted the proximate cause of the injury? We think none is shown. True, we must assume that trainmen were negligent in not ringing the bell or blowing the whistle, as shown. But this was the original act of negligence alleged and proven. If the plaintiff had been seen by the trainmen when on the way and immediately before he turned onto the track, they had no notice that he would deliberately drive on the track before the approaching engine, as plaintiff admits he did, and so suddenly as not to observe the approach of the coming engine.

The trainmen would have had right to assume that he would stop or was going in the opposite direction. As observed by Judge BRANNON in *Beyel* v. *Newport News, etc. R. R. Co., supra,* the reciprocal duties of railways and travelers upon public roads and streets to each other and the traveling public are equal, and it is of the highest importance that both observe with the greatest care their respective duties in the premises. The lives and property of the people depend as much on the one as

on the other, and it is in the interest of the public as well as of the parties individually, and neither is relieved from the proper observance of the rules governing them.

For these reasons we are of opinion that the judgment below must be reversed, and the demurrer to the plaintiff's evidence sustained; and the judgment which we think the circuit court should have entered will be entered here, that the plaintiff take nothing by his action and that the defendant recover his costs in the circuit court and in this court in this behalf expended.

*Reversed; demurrer to evidence sustained; judgment entered for defendant.*