DANIEL OWEN *et al.*, Appellants, *v.* THE HUDSON RIVER RAILROAD COMPANY, Respondents.

In an action for damages occasioned by the negligence of the defendant, where there is evidence tending to show negligence on the part of the plaintiff's servant contributing to the injury, the defendant is entitled to have the court charge the jury unqualifiedly, that if the plaintiff's negligence contributed to the injury, he cannot recover.

A qualification of such request to charge, by premising, "if the defendant's brakes were in order, and the collision could not have been prevented by ordinary prudence," &c., is a refusal to charge the law, and is error.

ACTION for injuring plaintiffs' horses and stages, in two collisions, in 1853, in New York city. In February, 1853, one of defendants' horse cars, in going down Tenth avenue, between Twenty-fourth and Twenty-fifth streets, came in contact with, and injured, a stage of plaintiffs, and also the horses attached to it, going in the same direction. In July following, of the same year, another injury, of a somewhat similar character, occurred in the same avenue, between Twenty-sixth and Twenty-seventh streets. Plaintiffs' stage was hit by one car, and pushed violently against another, and greatly injured. The cause was twice tried in the Superior Court of the city of New York, resulting each time in a verdict for the plaintiffs. A new trial was ordered at the General Term, as to each verdict, for alleged error in the charge of the judge. There was some evidence of negligence, or tending to show negligence, on the part of the plaintiffs' drivers, or of one of them, at the time of the collisions; also of the driver of one of defendants' cars; also of the brakes of defendants' cars being out of order, so that they were of no use in stopping the cars, so as to prevent a collision.

From the order granting a new trial, as to the last verdict. the plaintiffs appealed to this court.

*E. Fitch*, for the appellants.

*John H. Reynolds*, for the respondents.

Peckham, J.   The defendants' counsel requested the court to charge the jury that, if the plaintiffs' negligence in any degree contributed to the injury, the plaintiffs cannot recover, though they believe the brakes were out of order.   The court refused to charge in the terms of the request, to which the defendants' counsel excepted.   But the court did charge, that, "if, by the ordinary attention of looking up as well as down the track, plaintiffs' driver could have seen both cars, it was negligence in him to attempt to cross without looking, which will prevent a recovery by the plaintiffs, unless, by the exercise of ordinary care on the part of the drivers of the cars, a collision could thus have been avoided. If, when the driver of the down-going car saw him attempting to cross to the west, the driver of the car going down, by ordinary care, could have so slackened the speed of his car, if his brakes had been in good order, as to have avoided a collision, the company would be liable."   Defendants' counsel excepted to the words, "if his brakes had been in good order."

We think the court erred in refusing to charge, as requested, and in the charge as given.   It was not necessary to use the language of the request in the charge, but its substance the defendant had a right to require.   True, the court charged, both before and after this direction, that, if the negligence of both drivers caused the injury, there could be no recovery; that it was immaterial which was most to blame.

The judge, also, afterward charged that, in order to recover, there must not only be negligence on the part of the defendants, but there must have been none on the part of the plaintiffs, which contributed to the injury; and that the jury could not find for the plaintiffs, unless the evidence satisfied them that there was no negligence on the part of the plaintiffs' driver, which contributed to the injury; and the judge concluded his charge by saying that, if the jury found that the negligence of the plaintiffs' driver contributed to produce both collisions, then they should find for the defendants.   But the judge, nowhere, in terms, qualified his charge, as to plaintiffs' right to recover, though their driver's negligence contributed to the collision, if the driver of the car, by ordi-

nary care, if his brakes had been in good condition, could have prevented the injury. On the contrary, in two other parts of his charge, he enlarges upon, without retracting, that view. His idea seemed to be that a defect in the brakes of the cars was a different thing from negligence of defendants' drivers — different in principle. Separately, the judge charged distinctly that, if the plaintiffs' driver contributed to produce the collision, the plaintiffs could not recover. But, whenever he referred to the brakes of the cars in connection, he always qualified that proposition with the proviso that the defendants could have prevented the injury, by ordinary care, if the brakes were in good order. The charge was, virtually, that the plaintiffs might recover, though their driver's negligence contributed to the injury, if the defendants' brakes were not in good order.

His charge was, in many respects, quite as strong for the defendants — I may justly say, stronger than the law required.

But, in the proposition as to defendants' liability if its brakes were not in good order, we think he erred. It is now well settled that, if the plaintiffs' negligence contributed to the injury, he cannot recover, although the defendants were also negligent. It makes no legal difference whether the negligence of the defendants consisted in a defect in the construction or repairs of its car, or from carelessness in its management, except that the want of proper brakes might justly govern the action of the plaintiffs' driver. He might justly have relied upon the presumption of their being in proper repair, and could not legally be charged with negligence in acting upon that presumption. What is regarded as negligence in a plaintiff, has been considerably qualified by later decisions of this court. As a general proposition, the public has a right to rely upon the performance of its duty by a railroad company, and no one can be justly charged with negligence as against a wrongdoer, either violating or omitting its duty for such reliance. No such question arose in this case. What constituted negligence in the driver of the omnibus was not made a question by the counsel at the trial. There was evidence enough on that

point to go to the jury under proper instructions from the court.

It. is insisted that the. latter part of the judge's charge cured and corrected all the prior errors complained of, and that the jury could not have been misled.   If that were true, it would be an answer to the objection; but it is not plain that the jury was not misled by the charge, taken as a whole. Therefore, the order for a new trial was properly made, and must be affirmed.

All the judges concurring,
Judgment affirmed.