The Lake Shore and Michigan Southern Railway Company *v.* Pinchin.

Filed Dec. 22, 1887.

---

No. 12,015.

## THE LAKE SHORE AND MICHIGAN SOUTHERN RAILWAY COMPANY *v.* PINCHIN.

NEGLIGENCE.—*Railroad.*—*Attempt to Pass Between Cars.*—*Personal Injury.*—*Contributory Negligence.*—One who attempts to pass between the coupled cars of a freight train standing temporarily across a street, at a way station, and either knows or might know by using his natural faculties that the train is likely to move at any moment, is guilty of such contributory negligence as bars a recovery for an injury sustained by the starting of the train.

SAME.—*Direction of Brakeman.*—*Obvious Danger.*—The direction of a brakeman to a person to pass between the cars of a train standing on a highway will not justify him in attempting to do so, where the danger is obvious.

From the DeKalb Circuit Court.

*J. I. Best, A. Pond* and *O. G. Getzen-Danner,* for appellant.
*J. E. Rose* and *A. A. Chapin,* for appellee.

ELLIOTT, J.—The facts found by the jury in answer to

interrogatories are substantially these : The appellee was injured while attempting to pass between two coal cars forming part of a train standing across a street in the town of Butler. He knew that the train was a through freight, bound west, and on approaching the train he stopped to the south of it five or six feet and stood there from five to eight minutes before he attempted to pass between the cars. He did not know that an engine was attached to the train, but he did not go towards the head of the train to see whether there was an engine attached. When the appellee got up between the cars he stood on the draw-bars, and at the time he was injured " had his hands bracing himself between the cars." At the time he attempted to pass between the cars he had an open pocket-knife and a cane in his hands, and was whittling a stick. The knife and stick were laid on the end of one of the cars when he got upon them. In his effort to pass between the cars he raised his foot and put or got it on the end of the draw-bars on which he had been standing. After he got up between the cars he picked up his knife, shut it up and put it in his pocket. The cars were moving fast enough for him " to have noticed that the train was in motion had he been giving attention to the movement." No notice was given by him of his intention to pass through the train to any of the trainmen, and none of them knew that he was going to make the attempt. A man could, by looking, have seen the engine of the train. The appellee knew before he attempted to cross that the train had broken in two. He would not have made the attempt " except for what a man he took to be a brakeman told him."

There are cases where the court must, as a matter of law, declare that an act constitutes negligence. When the facts are undisputed, and lead to but one inference, the question whether there was, or was not, negligence is a question of law. *Pittsburgh, etc., R. R. Co.* v. *Spencer*, 98 Ind. 186. This is such a case. It must be affirmed, as matter of law,

on the facts exhibited in the answers of the jury, that the appellee was guilty of negligence in attempting to pass between the cars, and in the manner in which he undertook to carry out the attempt. He knew the train was not to remain in the town, but was there on its trip westward, and he knew that it had broken in two, so that, even if he was not negligent in making the attempt to cross, he was negligent in the manner in which he conducted himself in making his way between the cars. If it were conceded that he was without fault in endeavoring to pass through the train, still it must be held that he was negligent in not exercising a higher degree of care in effecting what no reasonable man could avoid knowing was a dangerous passage between the cars. He was burdened with things that interfered with his safely clambering through the train. He made no haste, but laid the things he had in his hands on the end of one of the cars, and before leaving his dangerous position picked them up and put one of them in his pocket. This was not such care as was required, even had he been crossing with permission of the railroad company and without fault. It by no means follows that because a man may do an act he may do it carelessly. But we need not place our decision upon the ground that the manner in which the appellee attempted to cross between the cars made him guilty of contributory negligence, for he was guilty of negligence in making the attempt. There was, therefore, negligence in entering upon the act as well as in the manner of performing it. A person who has knowledge that a train of cars is stopping temporarily at a way station on its way to its destination, has no right to assume the risk of passing between the cars. It is a danger so immediate and so great that he must not incur it. *Rauch* v. *Lloyd*, 31 Pa. St. 358; *Memphis, etc., R. R. Co.* v. *Copeland*, 61 Ala. 376; *Stillson* v. *Hannibal, etc., R. R. Co.*, 67 Mo. 671; *Lewis* v. *Baltimore, etc., R. R. Co.*, 38 Md. 588; *Haldan* v. *Great Western R. W. Co.*, 30 U. C. C. P. 89.

The Lake Shore and Michigan Southern Railway Company *v.* Pinchin.

It will not avail the plaintiff that he was not fully aware of his danger, for a plaintiff is bound to know the extent of the danger in cases like this, where the circumstances are known to him, or the hazard is apparent to a reasonably prudent man.   *Pennsylvania R. R. Co.* v. *Henderson,* 43 Pa. St. 449; *Southern R. R. Co.* v. *Kendrick,* 40 Miss. 374.

A man must use his senses, and is not excused where he fails to discover the danger if he has made no attempt to employ the faculties nature has given him.   2 Wood R. W. Law, 1319, n. 2; *Toledo, etc., R. W. Co.* v. *Goddard,* 25 Ind. 185.

One who attempts to cross between the cars of a train which he knows, or might know by using his natural faculties, is likely to move at any moment, is guilty of negligence. But here the case is stronger, because the fact is, that the appellee might have known by observation or " by feeling " that the train was actually in motion when he attempted " to get down."

The fact that a plaintiff has knowledge of a danger that he will encounter if he pursues his way does not always necessarily preclude a recovery, but it is in every case an important factor.   *Toledo, etc., R. W. Co.* v. *Brannagan,* 75 Ind. 490, and cases cited; *City of Huntington* v. *Breen,* 77 Ind. 29; *Murphy* v. *City of Indianapolis,* 83 Ind. 76; *Wilson* v. *Trafalgar, etc., G. R. Co.,* 83 Ind. 326; *Henry County T. P. Co.* v. *Jackson,* 86 Ind. 111; *Nave* v. *Flack,* 90 Ind. 205 (46 Am. R. 205); *Town of Albion* v. *Hetrick,* 90 Ind. 545 (46 Am. R. 230); *Board, etc.,* v. *Dombke,* 94 Ind. 72; *City of South Bend* v. *Hardy,* 98 Ind. 577 (49 Am. R. 792); *City of Indianapolis* v. *Cook,* 99 Ind. 10; *City of Aurora* v. *Bitner,* 100 Ind. 396; Beach Con. Neg. 40, 258.

But the fact that the danger is known, or might be known by the exercise of the natural faculties, will preclude a recovery where it is immediate, and of such a character as to impose upon one who undertakes to pass the danger a hazard

that a prudent man would not incur.   A man has no right to cast himself upon a known danger where the act subjects him to great peril.   If there is a risk apparent or known that will probably result in injury, he must not encounter it.   *Toledo, etc., R. W. Co.* v. *Brannagan, supra.*

It is to be determined from the facts of the case whether the known danger is likely to subject the plaintiff to injury, and if it is, then he must be held guilty of negligence in encountering it.   While, therefore, it can not be held that one who does not go out of his way to avoid a known danger is not always guilty of contributory negligence, yet it must be held that he is guilty of negligence where he attempts to pass the danger where there is such a probability of injury as would deter a reasonable man from assuming the risk of passing it.   If the risk is great, or is such as a prudent person would not assume, then the person who does assume it is guilty of such contributory negligence as will preclude a recovery.   *Town of Gosport* v. *Evans, ante,* p. 133.

In this case the risk of passing between a train of cars, likely to get under way at any moment, was such as no one could assume without being guilty of negligence.   This is one of the cases where it must be declared, as matter of law, that the risk is so great that no one who has a knowledge of the danger has a right to assume it.

The direction of a brakeman to a person to pass through a train standing on a highway will not justify him in attempting to pass between the cars where the danger is obvious. Even in the case of passengers, obedience to the directions of the conductor will not avail the passenger if the danger of obedience is plainly apparent.   In that class of cases, as is well known, the passenger has much greater claims to protection than a traveller along a highway, and yet the overwhelming weight of authority is that the passenger can not rely upon the conductor's directions where they would lead him into danger plainly open to observation.

In the case of *Cincinnâti, etc., R. R. Co.* v. *Carper, ante,* p. 26, the authorities on this subject are collected, and it is unnecessary for us to again consider them.

One important fact found in favor of a defendant may sometimes entitle him to a judgment on the answers of the jury to special interrogatories. It is apparent, therefore, that a defendant may obtain a judgment with less difficulty than a plaintiff who has the burden of proof. *Rice* v. *City of Evansville,* 108 Ind. 7 (58 Am. R. 22).

In the present case the answers find in favor of the defendant the important facts that the plaintiff attempted to pass through the cars of a train which he knew might move in an instant after he got upon them, and that in the attempt he did not use due care. The question was presented in a case very like the present in principle, upon answers to interrogatories, and it was held that the defendant was entitled to judgment on the answers. *Thompson* v. *Cincinnati, etc., R. R. Co.,* 54 Ind. 197.

Judgment reversed and cause remanded, with instructions to enter judgment for the appellant on the answers to interrogatories.

MITCHELL, J., did not take part in the decision of this case.

Filed Oct. 20, 1887; petition for a rehearing overruled Dec. 20, 1887.