### RENNER v. NORTHERN PAC. RY. CO.

*(Circuit Court, D. Washington, E. D. April 20, 1891.)*

CONTRIBUTORY NEGLIGENCE.

 A person traveling in a public street, and finding it obstructed by a freight train at full stop, to which a locomotive is attached, who, relying upon the assurance of a brakeman that he can safely climb over the bumpers, and pass between the cars, as the train will remain stationary for some time, attempts to do so, and while in the act suffers an injury by the train being started suddenly, without warning by ringing the bell or sounding the whistle, is guilty of such contributory negligence as will prevent his recovery for the injury.

At Law.

*Turner & Graves*, for plaintiff.
*J. M. Ashton*, for defendant.

HANFORD, J. Is a person traveling in a public street, and finding it obstructed by a freight train at a full stop, to which a locomotive is attached, and being informed by a brakeman on the train that he can

safely climb over the bumpers, and pass between the connected cars, as the train will remain stationary for a considerable time, who, relying upon such assurance, does attempt to so climb over the train, and while in the act suffers an injury by reason of the train being started suddenly, and without previous warning being given either by ringing of the bell or sounding the whistle, guilty of such contributory negligence as to preclude him from recovering damages for such injury, in an action against the company to which the train belongs? This question is raised by a demurrer to the complaint in this action. It is a question upon which there is a conflict of authority. The following decisions cited by the defendant's counsel sustain them in maintaining the affirmative: *Railroad Co. v. Pinchin*, 112 Ind. 592, 13 N. E. Rep. 677, 35 Amer. & Eng. R. Cas. 383; *O'Mara* v. *Canal Co.*, 18 Hun, 192; 2 Lacey, Dig. R. Dec. 770; and *Andrews* v. *Railroad Co.*, (Ga.) 12 S. E. Rep. 213. There are also other cases similar in character, though not based upon the identical facts in this case, which, by analogy, support their position. Among others, the following may be cited: *Smith* v. *Railroad Co.*, 55 Iowa, 33, 7 N. W. Rep. 398; *Dahlstrom* v. *Railroad Co.*, (Mo.) 8 S. W. Rep. 777; and *Lewis* v. *Railroad Co.*, 38 Md. 588. The contrary view is supported by the following text-books and decisions: 2 Shear. & R. Neg. § 479; *Nichols* v. *Railroad Co.*, (Va.) 5 S. E. Rep. 171; *Railroad Co.* v. *Sykes*, 96 Ill. 162; and *McIntyre* v. *Railroad Co.*, 37 N. Y. 287.

I find the question difficult to determine, not only by reason of the conflicting precedents, but because, in the light of reason, the case seems to be located exactly on the boundary line separating questions of law proper for the court to decide from the province of the jury as judges of all questions of fact. The plaintiff shows very clearly by the statements of his complaint that he must have been conscious at the time of attempting to climb over the train that he was thereby exposing himself to danger, and he voluntarily exposed himself to the danger of which he was thus conscious. The information given by the brakeman could not have been an assurance to him upon which he could prudently depend, for it was certainly apparent that the brakeman did not have such control of the train as warranted him in giving a positive assurance. I do not consider the rule that a person who voluntarily places himself in a position known to be dangerous is to be deemed to have assumed the ordinary risks incident to such position as applicable to this case, there being no contract relation between the parties. The defendant was a wrong-doer in suffering its train to obstruct the street, but that wrong was not necessarily productive of the injury to the plaintiff, of which he now complains. He would have no cause of action if this were the only wrong or negligent act chargeable against the defendant. The starting of the train suddenly, and without previous warning, at such a place, was a further wrong, and something which the plaintiff was not bound to anticipate when he attempted to climb over the train. Although he knew that in doing so he was incurring danger, he was not bound to anticipate the particular negligent act which caused his injury. It was not certain that the train would not remain stationary a sufficient time to en-

able him to go across it, and he had a right to assume that a warning would be given before it did start, because it was the duty of the men in charge to give such warning. *Owen* v. *Railroad Co.*, 35 N. Y. 518.

The authorities cited are not only irreconcilable, but unsatisfactory in themselves. In Shearman and Redfield's work there is no candid or full discussion of the subject. The allusions made to it in the text and notes are too sarcastic and captious to have much weight; and the case of *Rauch* v. *Lloyd*, 31 Pa. St. 358, is cited in support of the rule, stated broadly in the text, that "it is not deemed negligence for the plaintiff to cross by the only path left open to him, whether by climbing over a platform, or walking between two separated cars." The opinion of the court in that case does not state or affirm any such general rule. On the other hand, the case of *Railroad Co.* v. *Pinchin*, cited by the defendant, could not have been as well considered by the court as a casual reader of the opinion might infer. Numerous authorities are there cited, and seem to have been relied upon to support the several propositions maintained; among them this: "A person who has knowledge that a train of cars is stopping temporarily at a way station has no right to assume the risk of passing between the cars. It is a danger so immediate and so great that he must not incur it." And the first case in the list of those cited to this point in the case as printed in 112 Indiana is *Rauch* v. *Lloyd*, 31 Pa. St., —the very case cited by Shearman and Redfield in support of their general rule above quoted. And in the case as printed in 35 Amer. & Eng. R. Cas. 383, the Pennsylvania case is omitted entirely, and in its place is cited *Owen* v. *Railroad Co.*, 35 N. Y. 516,—a case which I have read without being able to discover even a suggestion of the doctrine of the Indiana decision. These considerations cause me to doubt the soundness of the proposition, when regarded as one of law purely, that the plaintiff's conduct was so negligent, and so contributed towards his own injury, as to preclude him from recovering; and yet I am unable to positively deny it. The question in this present situation of the case seems to resolve itself into one of expediency. Undoubtedly the opinion of the court of last resort will be required by whichever party may suffer defeat in this court. Now, is it better to sustain the demurrer, and send the case at once to a higher court for a decision of this vital question, with the probability of a second appeal being taken should the appellate court return the case here for a trial, or, by overruling the demurrer, subject the parties to the labor and expense of a trial which will be fruitless if the appellate court should reverse such ruling of this court? The case cannot be tried at this term, and it will be possible for the plaintiff to obtain a decision of the circuit court of appeals in time to have a trial, if a trial shall be ordered at the September term here. I deem that the best course for the case to take, and therefore sustain the demurrer.