# Westbrook *v*. K. C. M. & B. R. R. Co.

## *Injury to Pedestrain.*

(Decided Nov. 24, 1910. Rehearing denied Jan. 12, 1911.
54 South. 231.)

1. *Railroads; Pedestrians; Crossing Cars; Invitation; Authority.* While a freight train is standing over a crossing a brakeman thereon standing near by has no implied authority to invite a pedestrain to climb between the cars, or to give him any assurance of safety in so doing.

2. *Same; Contributory Negligence.*—Where a pedestrian attempted to cross over between the cars while a freight train was standing over a crossing and was injured by a movement of the train catching his feet between the bumpers, plaintiff was guilty of contributory negligence barring recovery as for simple negligence, although invited to cross over between the cars by a brakeman standing near by, since the brakeman had neither the actual nor the implied authority to give such invitation.

3. *Same; Wilful Injury.*—Where the plaintiff was injured while climbing between the cars of a freight train standing over a crossing, plaintiff could recover only on proof of wilful or intentional injury, or on a showing that defendant's agents or servants in charge of the train, discovered plaintiff's perilous situation in time to prevent his injury by the prompt use of available means, and failed to do so; and this is true although plaintiff attempted to cross at the invitation of a brakeman standing nearby, since such brakeman had neither the actual or implied authority to extend the invitation.

4. *Same.*—Where there was no evidence that either the conductor in charge of the train or the engineer discovered plaintiff before moving the train, and the brakeman was entrusted with no duty to the public or to individuals, defendant was not liable as for wanton or wilful injury where plaintiff was injured by having his foot caught between the bumpers of two cars while climbing between the cars over the crossing, as the invitation to do so by the brakeman was unauthorized.

5. *Appeal and Error; Harmless Error; Evidence.*—Where the evidence offered by the plaintiff and excluded by the court would not have availed the plaintiff anything if admitted, the failure to admit it was harmless.

6. *Same; Pleading; Amendment.*—Where the evidence was insufficient to support a count sought to be added by way of amendment after the evidence closed, the plaintiff was not prejudiced by the refusal of the court to permit it to be filed.

7. *Evidence; Conclusion.*—Where the plaintiff testified that the engineer was two or three car lengths from him when he tried to cross between the cars, that the track was straight, that steam was.

escaping from the engine, that he did not know where the conductor was and did not see the engineer, the question to him as to whether or not the brakeman or flagman, in saying, "come across" spoke loud enough for the engineer to hear him, was properly excluded as a conclusion, in the absence of preliminary proof showing where the engineer was or what he was doing, or that witness knew where he was.

APPEAL from Walker Circuit Court.

Heard before Hon. JAMES J. RAY.

Action by Gus Westbrook against the Kansas City, Memphis & Birmingham Railroad, for damages for injury received while attempting to cross over between cars of a freight train standing over a crossing. Judgment for defendant and plaintiff appeals. Affirmed.

W. C. DAVIS, and A. F. FITE, for appellant. Defendant's plea B did not present a good defense to counts of the complaint which were filed after the twelve months had expired. These counts related back to the commencement of the suit, were within the lis pendens, and the limitation of one year was, therefore, no bar as to them.—*Alabama Terminal Co. v. Hall*, 44 So. 596; *Alabama Consolidated C. & I. Co. v. Heald*, 45 So. 686. The evidence showing that plaintiff went upon defendant's track only for the purpose of crossing, he was rightfully there, whether invited or not.—*Stringer's Case*, 99 Ala. 398; *Glass' Case*, 94 Ala. 587. The case should have been submitted to the jury on the question of simple negligence.—*Birmingham Railway Co. v. Jones*, 45 So. 180. It was error for the court to exclude the testimony showing an invitation to plaintiff to cross defendant's train, and in giving the general charge for defendant on the count of the complaint which alleged an invitation and injury while attempting to cross in obedience to the direction of the defendant's agent.—1 Thompson on Neg., Sec. 1050; 2 Thompson on Neg., Sec. 1615; 3 Thompson on Neg., Sec. 3321-2;

*Sweeney v. Old Colony Railroad Co.,* 87 Am. Dec. 650; *Carlton v. Central of Ga. Railroad,* 46 So. 496; *L. & N. Railroad v. Kelley,* 47 Am. Rep. 150; *Wilson v. N. Y. N. H. & H. Railroad Co.,* 29 Atl. Rep. 258; *Roberts v. D. & H. Canal Co.,* 35 Atl. Rep. 723; *A. G. S. R. R. Co. v. Anderson,* 109 Ala. 299; *A. G. S. R. R. v. Yarbrough,* 83 Ala. 241.

BANKHEAD & BANKHEAD, for appellee. The 4th count as amended did not state any cause of action. The 2nd count and the 5th count, together with the 4th, relied upon an express invitation to cross given by the defendant corporation, and no such invitation was shown. The invitation came from a brakeman who had no express or implied authority to give it. Hence, the attempt to cross constituted contributory negligence. —*M. & C. R. R. Co. v. Copeland,* 61 Ala. 376; 66 Am. St. Rep. 39; 32 Ky. L. Rep. 69; 100 S. W. 308; 46 Fed. 344; 101 Md. 50; 112 Ind. 592. Count 11 charges the injury to have been caused by the servants in charge of and operating said railroad, and no pretense is made that either the engineer, conductor or brakeman were operating the railroad. Count A was in trespass, and there was no evidence of corporate participation.— *City D. Co. v. Henry,* 139 Ala. 161. The charge as to this count was properly refused.—*Woodward I. Co. v. Curl,* 44 So. 962. There was no evidence to sustain the averments of the wanton count, counts B and C.—*Peters v. Southern,* 135 Ala. 537; *A. G. S. v. Burgess,* 114 Ala. 594. The defendant was guilty of contributory negligence.—*M. & C. R. R. Co. v. Copeland, supra.* The pleas of contributory negligence were proven.—18 Hun. 192; 26 Ill. 255; 123 Mo. 445; 86 Mich. 79. The court did not err in refusing to allow the amendment sought to be brought about by filing count B.—*Beavers v. Har-*

*dy*, 59 Ala. 570; *Nash v. So. Ry. Co.*, 136 Ala. 177. The question as to whether or not the engineer heard the brakeman give the invitation to cross, called for the conclusion of the witness.

EVANS, J.—The opinion in this cause, following, was prepared by Justice Denson before his retirement as associate justice, and, having been adopted in consultation, it is now announced as the opinion of the court:

About noon, on the 2d day of October, 1903, a freight train of the defendant's composed of 18 coal cars and box cars with a locomotive attached, coupled up and ready to move, was standing on defendant's main line across a public crossing at or near defendant's station in the town of Cordova, in Walker county. Five of the coal cars were between the engine and box cars. The bumpers on these cars were 3½ or 4 feet above the track, and the distance from the bumpers to the top of the cars was 4 or 4½ feet, making the height of the coal cars 7 or 8 feet. The direction of the track was east and west, with the engine headed westward. The engineer was in his proper place on the engine—on its north side.

The plaintiff was an employee in the Indian Head Cotton Mills, which were located 175 or 200 yards from defendant's station, and south of the railroad. The signal announcing the noon hour had sounded at the mills, and quite a number of the operatives (plaintiff amongst them), whose homes were located north of defendant's road, were en route to their homes to get lunch. Upon arriving at the point where the train was standing across the public crossing, several of the operatives crossed, by climbing over the bumpers between the coal cars; and while plaintiff was thus in the act of crossing,

with his foot on the coupling between the bumpers, there was a backward movement of the train, and plaintiff was severly injured by having his foot caught and mashed.

The plaintiff's case against the defendant railroad company is presented, in some of the counts of the complaint, upon allegations of simple negligence; and these counts seek to justify plaintiff's position on the cars, or his efforts to cross, at the time and place and in the manner stated, upon an invitation extended by the defendant, amounting to an assurance of safety. In other counts of the complaint the injury to plaintiff is alleged to have been willfully, wantonly, and negligently caused.

The evidence in the record, without conflict, shows that, if an invitation was extended or assurance given to plaintiff to cross the train, it was extended or given by a brakeman. But there is a total absence of evidence to show any express authority, on the part of the brakeman, to extend such an invitation or to give the assurance. Therefore, unless it can be properly held that his position as brakeman carried with it the implied authority to extend the invitation or give the assurance, it cannot, upon any just view of the evidence, be said that the plaintiff was entitled to have the case passed upon by the jury—that is to say, the case, as presented by the counts relying upon simple negligence as the gravamen of plaintiff's cause of action—for in going upon the train under the circumstances, if without assurance or invitation by some one in authority, the plaintiff would be guilty of contributory negligence such as would debar him of the right of recovery on the ground of simple negligence.—*M. & C. R. Co. v. Copeland,* 61 Ala. 376; *Letcher's Case,* 69 Ala. 106, 44 Am. Rep. 505; *Studer v. Southern Pacific Co.,* 121 Cal. 400, 53 Pac. 942, 66 Am. St. Rep. 39.

In the absence of a right to recover for simple negligence, plaintiff could only recover upon proof of a wanton, willful, or intentional injury, or upon proof that defendant's agent or servant having the train in charge discovered plaintiff's perilous situation in time to prevent, by the prompt use of available means, the injuring of plaintiff, and that the agent, notwithstanding failed to resort to such means.

We have carefully gone through the entire evidence, but have failed to find any warranting a reasonable inference that either the engineer or the conductor who had the train in charge knew, or had probable cause to believe or know, that the plaintiff was in a position of peril; or was conscious, from the conditions existing, that moving the train would probably result in disaster to a human being.

The evidence shows that the conductor went into the operator's office, as soon as his train stopped, to report his arrival and obtain permission to back his train about a mile, to a water tank, to take water; and that after getting such permission he came out and signaled to the engineer the result of his efforts.

According to plaintiff's evidence as to the position of the engineer, he was on the right side of the engine, and on the side of the engine or train opposite to that from which the plaintiff mounted the coupling to cross over; and was looking back toward the conductor, who was at the time, as the evidence shows, at the rear end of the train and on the same side of the train that the engineer was on.

When the train moved, plaintiff was on it and between the cars, with his foot on the coupling between the bumpers, and was therefore in the center of the train. In this state of the case, it does seem that it would be nothing short of conjecture or pure specu-

lation to conclude that the engineer, at the time he moved the train, saw the plaintiff.

And on these considerations—even if it might be decided that the counts in the complaint claiming recovery on the theory of defendant's responsibility for willful, wanton, or intentional acts of its servants are sufficient in form (*City Delivery Co. v. Henry,* 139 Ala. 161, 34 South. 389)—plaintiff was not entitled, under the evidence, to have the case submitted to the jury upon that theory. Nor was he entitled to have it submitted on the doctrine of "last clear chance."—*L. & N. R. R. Co. v. Brown,* 121 Ala. 221, 25 South. 609; *Foshee's Case,* 125 Ala. 199, 27 South. 1006.

This brings us back to the question of implied authority of the brakeman. We have seen in the evidence that the movement of the train was under the control of the conductor and the engineer. It does not appear that the train's standing over the crossing was a menace to the safety of the public or to that of any individual; neither, indeed, does it appear that the train had been standing an unusual length of time. And there is a total absence of testimony going to show that the brakeman was intrusted with any duty to the public or to individuals at the particular time and place, or with any other duty than ordinarily inheres in the position of brakeman. Therefore, to render binding upon the defendant the assurance given in this instance to the plaintiff by the brakeman, we must assume that he was possessed of and exercising an authority to or inhering in the position of brakeman, at the time. Can we, by any known rule of law, indulge such an assumption? In other words, can this court say, as a matter of common knowledge, that the giving of the assurance here claimed to have been extended was within the scope of the duties of a brakeman, the train being stationary at the time?

We have not been furnished by counsel with any case in this jurisdiction decisive of the point at issue, nor has our research discovered such a precedent. The cases cited by appellant, such as *A. G. S. R. R. Co. v. Anderson*, 109 Ala. 299, 19 South. 516, involving injuries at crossings, attributable to the negligence of a flagman stationed there for the purpose of giving warning and of protecting persons from passing in dangerous proximity to moving trains, are obviously without application.

Counsel for appellant have cited some cases decided in other jurisdictions, which are well reasoned on principle, and which seem to conclude the question. In *Skirvin v. L. & N. R. R. Co.*, 100 S. W. 308, 30 Ky. Law Rep. 1208, it was held that a brakeman had no power to give the assurance of safety to one crossing a train. In the subsequent case of *Southern Railway v. Clark*, 105 S. W. 384, 32 Ky. Law Rep. 69, 13 L. R. A. (N. S.) 1071, the same court said: "Conceding that the person to whom plaintiff was talking (the brakeman) had said, 'Come right through, you will be safe,' yet the company would not be liable because of the invitation of the brakeman to cross over, for it has been expressly decided in the case of *Skirvin v. L. & N. R. C.* [100 S. W. 308] 30 Ky. Law Rep. 1208, that a brakeman has not the power by virtue simply of his position to bind his employer, but that the conductor is the representative agent of the company as to the train in his charge." See, also, to the same effect, *Renner v. Northern Pacific R. Co.*, (C. C.) 46 Fed. 344; *Andrews v. C. R. & B. Co.*, 86 Ga. 192, 12 S. E. 213, 10 L. R. A. 58; *Sheridan v. B. & O. R. R. Co.*, 101 Md. 50, 60 Atl. 280; *L. & M. S. R. Co. v. Pinchin*, 112 Ind. 592, 13 N. E. 677.

Confining ourselves to the facts of the case in hand, upon the authorities above referred to, the court is at

the conclusion that the brakeman had no authority, either express or implied, to invite the plaintiff to cross over the train, or to give any assurance that it would be safe for him to do so.

Upon the foregoing considerations it must follow that the defendant, on the evidence, was entitled to have the jury instructed affirmatively in its favor.

If the court had not ruled out the testimony offered by plaintiff, in respect to the invitation, it is manifest that on the foregoing principles it could not have availed plaintiff anything; hence there was no prejudice to the plaintiff by the ruling of the court excluding it.

It is sufficient to say, in justification of the court's refusal to allow plaintiff, at the conclusion of the evidence, to file count D, that the evidence fails to give support to a case as averred in that count, even if the court had allowed it.

One other ground of error must be considered. The plaintiff testified, amongst other things, that "the engine was two or three car lengths from me at the time I tried to cross and was headed west. The track was straight at that point, and I was going north from the south side. Steam was escaping from the engine and making a noise at the time I started to cross." He also testified that he did not know where the conductor was at the time he tried to cross, and did not see the engineer at the time. Plaintiff was then asked by his counsel this question: "I ask you to state whether or not this brakeman or flagman, when he spoke and said, 'Come across,' spoke loud enough for the engineer to hear him."

Obviously the court committed no error in sustaining the defendant's objection to the question. There was no testimony before the court at the time the question was propounded showing where the engineer was or

what he was doing, or that witness knew where he was and therefore it is evident that to have allowed the witness to answer the question would have been to allow him to state a mere conclusion.

In *McVay's Case,* 100 Ala. 110, 14 South. 862, cited by counsel for plaintiff, the evidence showed the locality of the parties who, as sought to be shown by the state, heard the language, etc., and, the testimony having been admitted, no question arose or could have arisen as to the leading character of the question there propounded. And so, too, the facts in the cases of *A. G. S. R. Co. v. Linn,* 103 Ala. 135, 15 South. 508, and *Birmingham, etc., Co. v. Mullen,* 138 Ala. 623, 35 South. 701, differentiate those cases from the one in hand, and render them ineffectual as authorities showing error in the ruling of the court in the instant case.

There is an express waiver of assignments of error presenting for review the judgment of the court overruling the demurrer to plea B. It is further agreed between the parties that the cause shall be determined as though pleas A and B were not in the record.

No reversible error has been shown, and the judgment of the circuit court will be affirmed.

Affirmed.

DOWDELL, C. J., and ANDERSON and SAYRE, JJ., concur.