# EVANSVILLE AND SOUTHERN TRACTION COMPANY ET AL. *v.* KNIGHT, ADMINISTRATRIX.

[No. 22,842. Filed June 22, 1916. Rehearing denied October 26, 1916.]

STREET RAILROADS.—*Crossing Accident.*—*Collision with Bicycle.*— *Contributory Negligence.*—In an action for damages for the death of one killed at a street crossing in a collision with a street railway flat car, where, from the undisputed testimony and from the facts found specially by the jury, it appeared that the decedent at the time of the accident was riding a bicycle east toward the crossing, and defendant's flat car, pushed by a motor car, was approaching the crossing from the south on the cross street, the motor car being equipped with brakes and a gong which was sounded as the car neared the crossing at a rate of speed which was neither excessive nor in violation of any city ordinance; that decedent, a person of unimpaired hearing and vision and who could have seen from the west line of the cross street a car approaching a block away, rode his bicycle against the side of the flat car and was killed, such facts are sufficient to establish contributory negligence as a matter of law, and there could be no recovery.

From Warrick Circuit Court; *Ralph E. Roberts,* Judge.

Action by Rosalie Knight, administratrix of the estate of Pinckney Knight, deceased, against the Evansville and Southern Indiana Traction Company and another. From a judgment for plaintiff, the defendants appeal. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Reversed.*

*Woodfin D. Robinson* and *William E. Stillwell,* for appellants.

*Union W. Youngblood, Phelps F. Darby, Gibney Oscar Letcher* and *N. Powell Taylor,* for appellee.

ERWIN, J.—This action was brought by appellee against appellant for wrongfully causing the death of appellee's decedent. The cause was tried upon the second, third and fourth paragraphs of the complaint. From a judgment on the verdict of the

jury appellants prosecute this appeal. Each appellant assigns errors separately. The Evansville & Southern Indiana Traction Company assigns errors on the ruling of the court on the demurrer to the second, third and fourth paragraphs of the complaint, and the ruling of the court on its motion for a new trial. The Public Utilities Company assigns errors on the ruling of the court on its demurrer to the fourth paragraph of the complaint, and the ruling of the court on its motion for a new trial. Appellants have filed a joint brief and under "Points and Authorities" have designated twenty-six separate propositions.

It is averred in the several paragraphs of complaint that appellant ran its car "against and upon" appellee's decedent, thereby causing his death. We have examined the evidence in this cause, and the undisputed facts as shown by the testimony of all the witnesses are as follows: That decedent was riding a bicycle east on Sycamore street, between the center of the street and the south curb line, and was approaching Third street, and a motor car with a flat-car in front was going north on Third street and approaching Sycamore street; that both streets are brick. A collision between the decedent and the car occurred at the intersection of the two streets. The decedent was not struck by the front end of the flat car. When the cars stopped the decedent was under the front of the motor car. None of the wheels passed over his body. Sycamore street, exclusive of sidewalks, at the intersection of Third street is forty feet and eight inches wide, and its total width is sixty-one feet and four inches, and Third street is the same width. From a point opposite the center of the Sycamore street entrance to the Vendome hotel to the west curb line of Third street the distance is sixty-five feet; from the south

curb line of Sycamore street to the center of the front entrance to the Vendome hotel is between forty-five and fifty feet. The Vendome hotel stands at Third and Sycamore streets and abuts Sycamore street on the south and Third street on on the west. The hotel has a clear glass front on each street, the bottom of the clear glass being four feet and eight inches above the surface of the sidewalk; the top of the clear glass is about eleven feet above the sidewalk. The sidewalks on both sides of the hotel are nine inches above the brick street at the curb, and the surface of the street is a little higher in the center of the street than at the curb. The car tracks are in the center of Third street. The motor car had brakes and a gong and the two cars were coupled about four feet apart and could not be coupled any closer and make the turns at street corners. The decedent was not afflicted with any physical infirmity and his eyesight and hearing were both good. The decedent and the cars were traveling at about the same rate of speed. The gong was sounded on the motor car as it approached Sycamore street. When a person in the roadway in Sycamore street reached the west line of Third street he could see a car approaching the crossing a block away. The top of the flat car extended about half as high as the motor car. A person in Sycamore street opposite the hotel entrance could see through glass fronts of the hotel and see the upper half of an ordinary car on Third street about half a block from Sycamore street. The cars were not running at a dangerous and excessive rate of speed, nor at a rate of speed in violation of any city ordinance. The decedent ran into the flat car. No witness testified that the front of the flat car struck the decedent, but all agree that he collided with the side of the car; but the

witnesses do not agree as to the place on the side of the flat car where decedent's bicycle first struck. These facts are substantially found by the jury in its answers to interrogatories. In addition the jury found that decedent struck the car of appellant near the center of the car.

We are of the opinion that the undisputed facts in this case, and the answers of the jury to the interrogatories propounded establish as a matter of law that appellee's decedent was guilty of negligence contributing to his injury and death, and no right of action lies; and hence the evidence is not legally sufficient to sustain the verdict. *Meyer* v. *Manhattan Life Ins. Co.* (1896), 144 Ind. 439, 43 N. E. 448; *Korrady* v. *Lake Shore, etc., R. Co.* (1892), 131 Ind. 261, 29 N. E. 1069; *Pennsylvania Co.* v. *Meyers* (1894), 136 Ind. 242, 36 N. E. 32.

Judgment reversed, with instructions to the court below to sustain appellant's motion for a new trial.

NOTE.—Reported in 113 N. E. 6. Liability of street railways for injuries to bicyclists, notes, 47 L. R. A. 302; 42 L. R. A. (N. S.) 158; 36 Cyc 1532, 1605.