INTERSTATE PUBLIC SERVICE COMPANY *v.* HAND.

[No. 13,390. Filed April 26, 1929. Rehearing denied October 23, 1929.]

*William P. Evans* and *George H. Hester,* for appellant.
*Stotsenburg, Weathers & Minton,* for appellee.

LOCKYEAR, J.—Appellee brought this action in the Floyd Circuit Court against the appellant to recover damages for personal injuries alleged to have been sustained by him on May 6, 1926, as a result of the appellant's alleged negligence. A jury trial resulted in a verdict in appellee's favor, in the sum of $800, upon which judgment was rendered, from which this appeal is prosecuted.

The main errors relied upon for reversal are: The court erred in overruling appellant's demurrer to appellee's amended complaint; the court erred in overruling appellant's motion for judgment in its favor on the answers of the jury to interrogatories returned with the general verdict; the court erred in overruling appellant's motion for a new trial, in this: (a) The verdict of the jury is not sustained by sufficient evidence; (b) the verdict of the jury is contrary to law.

Appellee's amended complaint, filed on January 14,

1927, and being the only complaint or paragraph of complaint, is as follows: "Plaintiff, for amended complaint herein, complains of the defendant, and says that during all the times mentioned herein, said defendant was and is now a corporation duly organized and existing under the laws of the State of Indiana, and during all the times mentioned herein, owned and operated an electric lighting system and other utilities in and about the City of New Albany, Indiana; that during all the times mentioned herein there was situate and being in said City of New Albany a street named Pearl Street, which street runs north and south through said city and is an improved street, with sidewalks and gutters, and was and is a much traveled street by pedestrians and vehicles, that, during all the times mentioned herein, Spring Street in said City of New Albany ran east and west through said city and intersected said Pearl Street at right angles and was then and there a much traveled street by pedestrians and others and was improved with sidewalks, curb and gutters.

"Plaintiff states that on the 6th day of May, 1926, said defendant was engaged in laying a conduit north and south along and in said Pearl Street, that on said date said defendant had carelessly and negligently placed in said Pearl Street at its intersection with Spring Street a large piece of timber, which then and there extended into, over and across the north sidewalk and gutter of said Spring Street and in the traveled portion of said street, and said timber was then and there ten inches wide, four inches thick and ten feet long, and was then and there a dangerous obstruction to travel thereon, in this, that said timber protruded above the surface of the street and was liable to cause any pedestrian to stumble thereon and fall, and was liable to turn under his foot when stepped on, a person stepping thereon was liable to have his foot slip

thereon, and said timber was then and there liable to be stepped upon by persons using said street whereby they would be thrown and injured because the same furnished an obstruction in said street, that the defendant was negligent and careless in leaving said timber in and across the traveled portion of said street without guarding same and protecting the same and protecting persons using said street. Plaintiff avers that on said 6th. day of May 1926, he was lawfully walking eastwardly on, along and over the north sidewalk of said Spring Street at the intersection of said Pearl and Spring Streets, and, while using due care, he stepped upon said timber so then and there lying, and being carelessly and negligently by the defendant left in and across the sidewalk and gutter of the said Spring Street in the manner hereinabove set forth, and thereby had his foot and ankle turned and he was thereby precipitated to the hard street, by reason of which he has his ankle sprained and had the ligaments, tissues, cartilages and tendons thereof torn, bruised and injured, and was caused to suffer great bodily pain and anguish, and lose 12 weeks time from his vocation and medical hire in the endeavor to cure himself and to be permanently injured and crippled, all to his damage in the sum of $1,000.00."

The answers to the interrogatories propounded to the jury show the following facts: The appellee was injured May 6, 1926, by stepping on the edge of a board which appellant had placed over an excavation at the northwest corner of the intersection of Pearl and Spring streets in New Albany, Indiana, and adjoining the curb on the west side of Pearl street for the purpose of protecting persons using Pearl street from falling into the excavation. The excavation was necessary to construct and install an underground lighting system. The board was 10 feet long, 10 inches wide and two inches thick. Appellee sustained his injury by stepping on the outer

edge of the board as he was in the act of crossing Pearl street. The board did not turn over, but remained stationary when the appellee stepped on it and was in good condition for the purpose intended when the appellee stepped on it. The appellee knew the improvement was being made, and if he had walked on the board without stepping on the edge of it, he would not have been injured. He was prevented from seeing the board by curbing which was about six inches high. There was a pile of dirt 23 inches high, about one foot from where the board was placed. The sun was shining and appellee had full possession of all of his faculties at the time of receiving the injury. He was a normal, active man about 21 years of age, and could not by ordinary care have avoided stepping on the edge of the board.

The answers to interrogatories must exclude every conclusion authorizing a recovery by the party in whose favor the general verdict is given. *Lake Shore, etc., R. Co.* v. *Pinchin* (1887), 112 Ind. 592, 13 N. E. 677; *Evansville, etc., Traction Co.* v. *Knight* (1916), 185 Ind. 269, 113 N. E. 6; *Ittenbach* v. *Thomas* (1911), 48 Ind. App. 420, 96 N. E. 21. By the general verdict the jury found that the appellant was negligent in placing the end of the board out in the pathway of the general travel of the sidewalk below the curb. The jury answered specially that the curb obstructed the appellee's view of the plank. We are of the opinion that the answers to the interrogatories are not sufficient to sustain a motion *non obstante*.

Judgment affirmed.